## 49622. SALLEYWHITE v. THE STATE.

Quillian, Judge.

The defendant was convicted of aggravated assault. An appeal was filed and the case is here for review. *Held:*

1. The appellant contends that the admission of the testimony of two witnesses was error because it was hearsay. Part of the evidence consisted of statements made by the victim to her son-in-law. The witness testified that the victim called him on the phone and told him of what had occurred and he immediately went to

her house and found her in a state of shock. The other witness was a doctor who testified as to statements made to him by the victim in the emergency room of the hospital. The record discloses that these conversations took place within approximately an hour after the victim was assaulted. While the doctor testified that he had another conversation with the victim the following day, only that portion which took place in the emergency room on the day of the assault was admitted in evidence. Considering the time factor and the other surrounding circumstances it was not error to admit the evidence as part of the res gestae *C. A. J. v. State,* 127 Ga. App. 813, 814 (195 SE2d 225); *Hart v. Powell,* 18 Ga. 635; *Southern R. Co. v. Brown,* 126 Ga. 1, 3 (54 SE 911).

2. Error is assigned on the admission of certain admissions made by the defendant. A separate hearing was had to determine the admissibility of this evidence. The record shows that the defendant was properly informed of his rights and this enumeration of error is without merit.

3. The remaining enumerations of error show no error.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 9, 1974 — DECIDED OCTOBER 2, 1974 — REHEARING DENIED OCTOBER 29, 1974.

*E. Purnell Davis,* for appellant.
*Kenneth E. Goolsby, District Attorney, Dennis C. Sanders, Assistant District Attorney,* for appellee.