## 51251. LARKIN v. THE STATE.

PANNELL, Presiding Judge.

The defendant was convicted of criminal attempt to commit aggravated sodomy and solicitation of sodomy. He was acquitted of aggravated assault and terroristic threats. He appeals the judgment of conviction and sentence.

The evidence shows that the victim was employed by appellant to mow his yard. Upon completion of the mowing job, the victim went inside appellant's mobile home for the purpose of receiving payment. The victim testified that appellant then offered him $20 to have sexual relations with him. The victim refused the money and tried to leave. Appellant blocked the door and threatened the victim with bodily harm if he attempted to leave. A scuffle ensued, wherein appellant attempted to strike the victim with a chair. The victim escaped from the mobile home, picked up his lawn mower, and proceeded to his own home.

He arrived at his home within two or three minutes of his escape, whereupon he told his mother of the above events. Shortly thereafter, the victim and a neighbor went to appellant's trailer. The neighbor testified that he saw an overturned chair through the open door of appellant's trailer.

Appellant denied all of the above charges. He could offer no explanation for the false accusations brought against him. *Held:*

1. Error is urged in the trial court's permitting the victim's mother to testify to the statements made to her by the victim upon his return to his home. These statements were made approximately two or three minutes after the alleged occurrence. Appellant argues that this testimony was hearsay and was not admissible as part of the res gestae.

"Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of res gestae." Code § 38-305. Appellant argues that the statements made by the victim to his mother were not shown to be free from all suspicion or

afterthought. We do not agree. Considering the time factor and the other surrounding circumstances, the trial judge was authorized to find that the declarations were admissible as part of the res gestae. See *Price v. State,* 233 Ga. 332 (211 SE2d 290); *Robinson v. State,* 232 Ga. 123, 129 (205 SE2d 210); *Overton v. State,* 230 Ga. 830 (199 SE2d 205); *Salleywhite v. State,* 133 Ga. App. 170 (210 SE2d 334). Accordingly, the trial court committed no error in allowing the testimony of which appellant objects.

2. The evidence supported the verdict of guilty.

3. Appellant was found not guilty of aggravated assault but was found guilty of attempted aggravated assault. There is no merit in the contention that the verdict of guilty on the latter offense is repugnant to the jury's finding of not guilty on the former offense.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED OCTOBER 8, 1975 — DECIDED JANUARY 5, 1976.

*Thomas Wm. Malone,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hine, Assistant District Attorney,* for appellee.