## 53926. JOHNSON v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of child molestation and appeals. *Held:*

1. The mother of a six-year-old daughter, and a police officer were allowed to testify as to the particulars of the alleged crime of child molestation as told to them by

the victim during separate interviews with her. Both interviews occurred within fifteen to twenty minutes of the offense. This evidence was objected to on grounds that it was hearsay. Considering the time factor when made, these declarations were admissible as they were part of the res gestae. Code § 38-305. *Hooks v. State,* 215 Ga. 869 (114 SE2d 6).

2. The evidence authorized the conviction.

3. The other enumerations of error are without merit.

*Judgment affirmed. McMurray, J., concurs. Smith, J., concurs specially.*

SUBMITTED MAY 3, 1977 — DECIDED JUNE 15, 1977.

*Robert C. Ray,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.

SMITH, Judge, concurring specially.

I cannot agree with the majority's conclusion that the child's statements to her mother and later to a police officer were both part of the res gestae. More must be considered than the time lapse between the transaction and the statement. In some cases, the circumstances may indicate that a statement made as much as an hour after the transaction is part of the res gestae (e. g., *Salleywhite v. State,* 133 Ga. App. 170 (210 SE2d 334)); conversely, the circumstances may indicate that a statement made less than one minute after the transaction is *not* part of the res gestae. E.g., *Thornton v. State,* 107 Ga. 683 (33 SE 673); *Futch v. State,* 90 Ga. 472 (16 SE 102). Thus, the time lapse alone is not determinative of res gestae; all of the circumstances must be considered to determine whether the statement sufficiently accompanied the act so as to rule out the suspicion of device or afterthought. Code § 38-305. Where the circumstances indicate that the content of the statement was preconceived or may have been influenced by exogenous suggestions or pressures, the statement is not part of the res gestae, for it did not "spring out" of the transaction. *Mitchum v. State,* 11 Ga.

615, 627.

Under the circumstances of this case, I agree that the young child's statements to the mother soon after the mother had recovered the child from the defendant's custody were sufficiently within the realm of res gestae. However, statements made in a subsequent interview with a police officer no longer maintain that purity of impulsive reaction, since by that time the child had already been subjected to questioning and had detailed a full narrative about the incident. I cannot accept the conclusion that these latter statements were part of the res gestae.

Nevertheless, I feel the admission of this hearsay testimony was harmless error. The record is replete with evidence concerning the appellant's commission of child molestation. Even without the mother's account of the child's res gestae declaration, there was testimony from two witnesses who observed the appellant committing acts of child molestation. This evidence taken together renders the police officer's hearsay testimony cumulative and, I believe, harmless. Accordingly, I concur in the judgment only.