## 57393. JOHNSON v. THE STATE.

BANKE, Judge.

The defendant, Hubert C. Johnson, Sr., appeals his conviction for the offense of incest with his 15-year-old natural daughter, Deborah. The conviction is for four separate offenses occurring during March and April 1978.

The victim testified that over her objection intercourse with her father took place on various occasions in the bedroom of her parents. Although the complained-of acts had been occurring off and on for some months, Deborah did not report the matter because of threats made by the defendant. Later she ceased to fear the threats and reported the situation to her married sister. The victim's sister-in-law testified that at a family gathering on Christmas of 1977 she came into the room and observed the defendant with the victim backed into a corner trying to put his hand up her blouse. A physician testified that upon examination he found Deborah's condition to be consistent with one either married or sexually active. Over objection, the physician also was allowed to testify that Deborah told him that she had had sexual intercourse with her father on some five occasions and never with anyone else. *Held:*

1. Appellant enumerates as error various parts of the trial court's charge to the jury as it pertained to presumption of innocence, reasonable doubt, credibility of witnesses, reconciliation of conflicting testimony, and the difference between direct and circumstantial evidence. The case law cited in appellant's brief could well have been cited by the state in support of the judge's charge. The charge in all of these aspects was appropriate to the issues and stated correct principles of law.

2. Also alleged as error was the trial judge's failure

to charge the jury that even if convinced of guilt beyond a reasonable doubt the jury had the power to acquit. This contention is without merit. *Andrews v. State,* 144 Ga. App. 243 (240 SE2d 744) (1977); *Porter v. State,* 141 Ga. App. 602 (234 SE2d 100) (1977).

3. The eighth enumeration attacks the constitutionality of Code Ann. § 26-2006. As this issue is raised for the first time on appeal, it will not be considered. *Andrews v. State,* supra.

4. Enumerations 9 through 15 attack the conviction on general grounds. Our review of the trial transcript reveals that there was sufficient evidence to support the conviction.

5. The sixteenth and final enumeration complains of the admission over objection of the physician's testimony as to the victim's out-of-court statements to him that intercourse with her father had taken place. Code Ann. § 38-315 permits, as an exception to the hearsay rule, statements made for the purpose of describing medical history insofar as reasonably pertinent to diagnosis or treatment. The identity of the defendant contained in the out-of-court statements was unnecessary to any legitimate purpose addressed in Code Ann. § 38-315, and admission of that portion of the statement was error. However, the evidence was cumulative and its admission not prejudicial to the defendant.

*Judgment affirmed. Webb, P. J., and Underwood, J., concur.*

SUBMITTED MARCH 5, 1979 — DECIDED MARCH 16, 1979 — REHEARING DENIED MARCH 30, 1979 —

*Ben Lancaster,* for appellant.

*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney,* for appellee.