## 59113. PICKELSEIMER v. THE STATE.

SMITH, Judge.

Appellant was convicted of molesting his niece's seven-year-old daughter. He enumerates as error: 1) the admission of certain hearsay statements of the daughter and 2) the admission of a 1961 conviction for statutory rape. We reverse.

1. The trial court admitted the following testimony of the

child's mother over appellant's hearsay objection: "She [the child] was in the bathroom and she called me and asked me to come in the bathroom and I went in there and she was crying. She said, 'Mother, if I tell you something, will you promise me you won't ever tell anybody else?' And I said, 'Shannon, I can't promise you that I won't tell anybody else. It might be something that I have to tell.' And she said, 'Well, I'll tell you anyway.' She said, 'Why does Valard always . . . when he wakes me up?' And I said, 'Well, when did he do this?' And she said, 'This morning.' I said, 'Are you hurtin' or something.' I said, 'I've got to go tell Daddy and ask him what to do,' you know. I went into the kitchen and asked him what to do and he said to take her to the doctor and see if she had been bothered." In our view, the trial court correctly determined that any hearsay statements contained in the mother's testimony fall within the "res gestae" exception to the hearsay rule. The child spoke with her mother within ten minutes of her release from appellant's custody under circumstances which "rule out the suspicion of device or afterthought." *Johnson v. State,* 142 Ga. App. 560, 561 (236 SE2d 552) (1977) (Smith, Judge, concurring specially).

Moreover, any error in the admission of the mother's testimony was harmless. "The record is replete with evidence concerning the appellant's commission of child molestation. Even without the mother's account of the child's res gestae declaration, there was testimony from [the child and the child's physician sufficient to establish] acts of child molestation." *Johnson,* supra, at 562.

2. The trial court admitted, over objection, appellant's 1961 statutory rape conviction. The prosecution proffered the conviction for the purpose of establishing the "intent, motive, plan, scheme, and bent of mind of appellant." *Thomas v. State,* 234 Ga. 635, 636 (217 SE2d 152) (1975).

"It is, of course, the general rule that when a person is charged with a crime, proof of a distinct, independent, and separate offense is not admissible on the trial, even though it is a similar crime. There are exceptions to this rule, and these exceptions have been rather liberally extended in cases of sexual crimes." *Hunt v. State,* 233 Ga. 329, 330 (211 SE2d 288) (1974). "Sexual offenses of the same nature and within a short span of time, especially where they show a proclivity for a particular type of abnormal sexual activity, form somewhat of an exception to the general rule that evidence of other criminal activity is irrelevant and prejudicial, as stated in *Bacon v. State,* 209 Ga. 261 (71 SE2d 615)." *Miller v. State,* 130 Ga. App. 275, 276 (202 SE2d 682) (1973); *Payne v. State,* 233 Ga. 294, 312 (210 SE2d 775) (1974), citing *Anderson v. State,* 222 Ga. 561, 563 (150 SE2d 638) (1966).

The probative value of appellant's 1961 statutory rape conviction on questions relating to intent, motive, plan, scheme and bent of mind is marginal at best and cannot outweigh the highly prejudicial effect of the conviction on the jury. See *Carroll v. State,* 143 Ga. App. 796 (240 SE2d 197) (1977). In light of the strength of the state's case against appellant without resort to the 1961 conviction, the conclusion is inescapable that the conviction was introduced to 1) prejudice the members of the jury and 2) convince them that appellant is guilty of the offense charged because he is the type of individual who sexually abuses children.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JANUARY 15, 1980 — DECIDED MARCH 21, 1980 — REHEARING DENIED APRIL 3, 1980 —

*Gaines A. Tyler,* for appellant.

*Frank C. Mills, III, District Attorney, J. Britt Miller, Jr., Assistant District Attorney,* for appellee.