## 61994. SANBORN v. THE STATE.

SOGNIER, Judge.

Sanborn was convicted of child molestation. On appeal, he contends the trial court erred (1) by allowing the victim's mother to testify about a conversation with the victim several hours after the incident; (2) by denying appellant's motion for a mistrial; (3) by denying appellant's motion for a new trial based on enumeration 1 above and the general grounds; and (4) by allowing the victim, a five year old girl, to testify as she failed to show an understanding of her oath to tell the truth.

1. Appellant contends it was error to permit the testimony of Mrs. Hembree (the victim's mother) as to what her daughter told her, as it was not part of the res gestae and did not fall within any other exception to the hearsay rule. We agreed that it was error to permit Mrs. Hembree to testify as to information she elicited from her daughter by intense questioning more than four hours after the incident occurred. The transcript shows clearly that the victim's declaration was not spontaneous or voluntary; on the contrary, the victim kept insisting that nothing happened except the defendant poured water on her, and her mother literally "dragged" the information from her daughter which formed the basis of this charge. Under such circumstances "[h]ardly can it be said that this declaration was spontaneous or voluntary in the sense traditionally contemplated by the res gestae rule." *Clark v. State,* 142 Ga. App. 851, 853 (1) (237 SE2d 459) (1977).

The trial judge allowed the testimony of Mrs. Hembree on the basis that it showed the state of mind of the victim in this case, and instructed the jury that the testimony could not be considered for establishing the truth or falsity of the victim's statements. Under the provisions of Code Ann. § 38-302, when conversations are facts to explain conduct and ascertain motives, they are admissible. In the instant case the testimony of Mrs. Hembree did not explain her conduct or motives, and did not explain the "state of mind" of the victim; thus, it did not fall within any exception to the hearsay rule, or the circumstances authorizing its admission under the provisions of § 38-302. Further, the victim's state of mind was not relevant or necessary in determining whether or not appellant molested the victim; hence, it was not admissible. See generally, *Stamper v. State,* 235 Ga. 165, 169-170 (1) (219 SE2d 140) (1975). The victim's alleged statements, as testified to by Mrs. Hembree, were highly prejudicial to appellant, and it was harmful error to admit these hearsay statements. Id., at p. 170.

2. In view of our decision in Division 1, it is not necessary to

discuss the remaining enumerations of error, as we are certain the trial court will follow the requirements of Code Ann. §§ 38-1607 and 38-1610 to determine the victim's competency as a witness on a retrial.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 21, 1981.

*James H. Whitmer,* for appellant.
*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.