## 63205. LEWIS v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for child molestation. *Held:*

1. The general grounds are without merit. The evidence was sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt.

2. A medical doctor testified concerning his examination of the injured private parts of the nine-year-old female victim. In doing so he related what the victim told him about how she had suffered the injuries. The victim's mother also told him that she had seen a bloody shirt in defendant's car.

Defendant's assertion that this testimony was inadmissible hearsay is without merit. "Code Ann. § 38-315 permits, as an exception to the hearsay rule, statements made for the purpose of describing medical history insofar as reasonably pertinent to diagnosis or treatment." *Johnson v. State,* 149 Ga. App. 544 (5), 545 (254 SE2d 757).

The remarks indicating the identity of the defendant contained in the history do not fall under Code Ann. § 38-315 and admission thereof was error. However, the error was harmless as it was cumulative of other evidence and it is highly probable that its admission did not contribute to the judgment of guilty. *Hamilton v. State,* 239 Ga. 72, 76 (235 SE2d 515).

The recitation of the mother's remark about seeing a bloody shirt was inadmissible hearsay having no evidentiary value. But since this remark was not encompassed within the general objection to the doctor's testimony, which was to what the victim told him, and no objection was made when the remark was stated, no issue is presented for our resolution.

3. The trial court did not err in overruling defendant's objection to the admission in evidence of a bloody pair of pants and attendant testimony on the grounds that it was obtained by illegal search and seizure.

"By failing to file a written motion to suppress this evidence as required by Code Ann. § 27-313, defendant waived any objection to the evidence on [the] ground [of illegal search and seizure]. [Cit.]" *Peppers v. State,* 144 Ga. App. 662 (1), 663 (242 SE2d 330).

4. The trial court's failure to charge on the consideration of defendant's exculpatory pretrial statement was not error as defendant made no request for such a charge. Compare, *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859); *Rogers v. State,* 155 Ga. App. 685 (3), 687 (272 SE2d 549).

5. After deliberating for a time, the jury reported that it had not reached a decision because it was divided. The trial judge thereupon gave the "Allen" charge and commented: "This is not an extremely difficult case to make a final verdict on and go back and see if you can't reach an unanimous verdict . . ."

Defendant contends that this comment by the court was improper because it had a coercive effect on the jury. We disagree as we do not find such language coercive. The cases cited by defendant in support of his contention are inapposite. One case was the affirmance of Allen charge language which was not used in this case; the other the reversal of an Allen charge as coercive which stated that some jurors were being unreasonable or stubborn, comments also not used in this case.

6. The remaining enumeration is resolved by the foregoing findings.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 8, 1982.

*Robert Simmons Lanier, Jr.,* for appellant.
*J. Lane Johnston, District Attorney, N. Jackson Cotney, Jr., Assistant District Attorney,* for appellee.