## 63044. JONES v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of child molestation, the victim being his four-year-old daughter.

1. The evidence, while hardly overwhelming, was sufficient to authorize the verdict. See *Henry v. State,* 154 Ga. App. 120 (2) (267 SE2d 653) (1980).

2. Over appellant's hearsay objection, the victim's grandmother was permitted to testify that some three days after the alleged molestation the victim had said that "my daddy [appellant] messed with me" and had further related the specific acts of molestation which served as the basis for appellant's indictment. This testimony was offered by the state under Code Ann. § 38-302 to explain the grandmother's conduct in having the victim taken to a physician for a medical examination for molestation on the day following the statements. The jury was so instructed. Appellant enumerates as error the admission of this testimony.

In *Stamper v. State,* 235 Ga. 165, 168 (1) (219 SE2d 140) (1975), a witness for the state was permitted to testify, over a hearsay objection, that, in response to the witness's inquiry, the victim had stated that she had been beaten by the defendant. On appeal, the Supreme Court reversed. "The statement of the child naming the appellant as the one who had beaten her was entirely unnecessary to explain the conduct of the witness in having the child examined by a physician. The state did not purport to introduce it for this purpose." *Stamper,* 235 Ga. at 169, supra. Appellant relies upon this holding in *Stamper* in asserting that the testimony offered against him was likewise erroneously admitted.

An examination of the facts in *Stamper* demonstrates that the witness had apparently already observed the bruises on the victim and had called the physician based upon that observation before the victim made the statement that appellant had beaten her. See *Stamper,* 235 Ga. at 167-168, supra. Hence, under these circumstances, the ultimate holding in *Stamper* was that it was "unnecessary" to offer the testimony by way of explaining the witness' conduct in securing a medical examination. However, the testimony in the instant case demonstrates that it was solely the victim's initial voluntary statement which served as the basis for the witness' subsequent conduct in having the child examined. Under these circumstances, where the hearsay statement serves as the sole explanation of the witness' subsequent conduct in securing medical attention for the victim rather than a mere bolstering explanation of the witness' already effectuated conduct, we cannot say that such

testimony is "entirely unnecessary to explain the conduct of the witness in having the child examined by a physician." *Stamper,* 235 Ga. at 169, supra. As discussed above, unlike *Stamper,* the testimony in the instant case was introduced for this limited purpose of explaining the subsequent conduct of the witness. See *Decker v. State,* 139 Ga. App. 707, 711 (8) (229 SE2d 520) (1976). Compare *Sanborn v. State,* 159 Ga. App. 608 (284 SE2d 110) (1981). The jury was instructed accordingly. Compare *Harrell v. State,* 241 Ga. 181, 186 (2) (243 SE2d 890) (1978). We therefore find no reversible error in the admission of the testimony in the instant case for the limited purpose of explaining the witness' subsequent conduct. See *Boatright v. State,* 150 Ga. App. 283 (1) (257 SE2d 314) (1979). See also *Bodrey v. Bodrey,* 246 Ga. 122, 123 (2) (269 SE2d 14) (1980). If, as in the instant case, the victim's statement was admissible under Code Ann. § 38-202 to explain her subsequent conduct, it was not error to admit it for that limited purpose, "even though it would have been more regular to admit only the fact that a conversation occurred, without going into the particulars of what was said. [Cit.]" *Bradley v. State,* 137 Ga. App. 670, 671 (2) (224 SE2d 778) (1976).

3. During cross-examination, the victim's mother, appellant's ex-wife, became incensed at the direction the questioning was taking and directed the following inquiry to the trial court: "[C]an I tell how [appellant] beat me one Christmas with an ax handle and I was purple from my waist down?" Appellant made a motion for mistrial. The trial court denied the motion but instructed the jury to disregard the statement and cautioned the witness. Appellant renewed his motion for mistrial, which the trial court also denied. Error is enumerated upon the denial of the renewed motion for mistrial. "Ordinarily, when illegal testimony is placed in evidence, it is not an abuse of discretion to refuse to grant a mistrial if sufficient corrective instructions are given in ruling the testimony out. [Cits.] This is true even if the illegal testimony has the effect of placing the defendant's character in issue [Cits.], especially when the testimony is volunteered by the witness and not directly elicited by the solicitor. [Cits.]" *Brown v. State,* 118 Ga. App. 617, 620-621 (165 SE2d 185) (1968). Accordingly, we find no reversible error in the failure to grant appellant's renewed motion for mistrial. See *Carrigan v. State,* 206 Ga. 707 (3) (58 SE2d 407) (1950); *Stanford v. State,* 201 Ga. 173, 186 (2) (38 SE2d 823) (1946).

4. Appellant enumerates as error the failure of the trial court to charge, absent request, on the defense of accident. We have carefully reviewed the transcript and find that "accident" was in fact appellant's sole defense. The state's contention that appellant was asserting defenses other than accident is without merit. Appellant's

post-arrest statement to the police and his testimony at trial was that, while his daughter was visiting with him, she had diarrhea and "that he was cleaning her, when accidently his finger went into her vagina." It is readily apparent that this testimony does not constitute a confession to the crime of child molestation, for the statement is in essence a denial of the essential elements of the crime, to wit: an immoral or indecent act and the intent to arouse or satisfy sexual desires. Code Ann. § 26-602; *Bloodworth v. State,* 216 Ga. 572 (1) (118 SE2d 374). As an admission, it was incriminating only to the extent that it admitted an "act," which, if not an "accident," could have been immoral and indecent and which could have been committed with the specific intent to arouse or satisfy sexual desires. Those parts of the transcript relied upon by the state as demonstrating "other" defenses in fact reveal instances of testimony merely incidental to, corroborative of, and not inconsistent with the defense of accident. Having admitted the act but having claimed that it was an "accident," it is not an "alternative or separate" defense for appellant to further assert that he had not touched his daughter "with the desire to sexually molest her." If the alleged act itself were accidental, as appellant contended, there would of course be no criminal intent. Cf. *Franklin v. State,* 245 Ga. 141, 152 (8) (263 SE2d 666) (1980).

Accordingly, we hold that it was error requiring the grant of a new trial to fail to charge on appellant's sole defense of "accident" even absent a request. *Harris v. State,* 145 Ga. App. 675 (244 SE2d 620) (1978). See also *Arnold v. State,* 157 Ga. App. 714 (1) (278 SE2d 418) (1981).

5. Error is enumerated in the trial court's admission into evidence of the entirety of appellant's post-arrest statement to the police over the objection that a portion thereof had reference to unrelated criminal acts. We find no error. *Berryhill v. State,* 235 Ga. 549, 551 (6) (221 SE2d 185) (1975); *Dampier v. State,* 245 Ga. 427, 434 (265 SE2d 565) (1980); *Miller v. State,* 155 Ga. App. 587 (2) (271 SE2d 719) (1980).

6. We find no error in the admission of certain hearsay testimony by the physician who examined the victim when such properly restricted testimony was admitted pursuant to Code Ann. § 38-315. *Banks v. State,* 144 Ga. App. 471, 472 (4) (241 SE2d 587) (1978). Compare *Johnson v. State,* 149 Ga. App. 544, 545 (5) (254 SE2d 757) (1979).

7. It was not error to refuse to admit testimony concerning a polygraph test which was not conducted pursuant to the stipulation of the parties. See *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977). We do not reach the issue of whether it was error to refuse to

allow appellant to call as a rebuttal witness the examiner who had conducted the unstipulated polygraph test because this issue is not likely to recur at retrial.

8. For the reason discussed in Division 4 of this opinion appellant's conviction must be reversed and a new trial held. Remaining enumerations of error not otherwise addressed are concerned with issues and questions which are unlikely to occur at the new trial.

*Judgment reversed. Banke, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED MARCH 12, 1982.

*Robert A. Whitlow,* for appellant.

*Stephen A. Williams, District Attorney, Marcus R. Morris, Assistant District Attorney,* for appellee.