## 65745. WALLS v. THE STATE.

BIRDSONG, Judge.

Charles Howard Walls was convicted of child molestation and sentenced to eight years, three to serve followed by five years probation. He brings this appeal enumerating four asserted errors. *Held:*

1. The testimony of the principal witness, a child aged six (five at the time of the offense) involved a sodomitical touching of the infant's penis. If the child's testimony is believed, it was more than sufficient to support the jury's verdict of guilty. In addition to the testimony of the male victim, two other minor children, one aged

eleven and the other aged six, testified as to the other acts of sexual aberration which were admitted by the trial court for the limited purpose of showing motive or disposition. The principal objection to the testimony of these children was that they were not competent to testify because none of the three knew the meaning or definition of an oath nor appreciated its sanctity. On the other hand, each child testified that he or she knew the difference between the truth and a lie, that it was wrong to tell a lie and punishment would follow if a falsehood were told, that it was necessary to tell the truth in the proceedings; and each child promised to tell the truth. The trial court overruled the objection to competency and allowed each child to testify.

"... [T]he standard of intelligence required to qualify a child as a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he [is required] . . . to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished. . . ." *Smith v. State,* 247 Ga. 511-512 (277 SE2d 53). See also *Sullivan v. State,* 162 Ga. App. 297, 298 (291 SE2d 127); *Allen v. State,* 150 Ga. App. 605, 606 (2), 607 (258 SE2d 285); *Lashley v. State,* 132 Ga. App. 427, 429 (5) (208 SE2d 200); *Turpin v. State,* 121 Ga. App. 294 (1) (173 SE2d 455).

It is within the sound discretion of the trial court to determine the competency of a child of tender years. In this case the trial court satisfied itself that the children understood they were required to tell the truth, and understood the importance of telling only the truth; and the infants promised to tell the truth. We find no abuse of discretion and therefore will not interfere with that exercised discretion which we find not to have been manifestly abused. See *Sullivan v. State,* supra, p. 299. The first enumeration is without merit.

2. In his second enumeration, Walls complains the trial court erred in allowing testimony of one of the infant witnesses and her mother that Walls had solicited the mother to favor him with sexual favors for $50, as placing his character into evidence and as being irrelevant and prejudicial in a child molestation case. However, the evidence also reflects that Walls while in the presence of the mother and other children of tender years, fondled his private parts and exposed himself to the adult and children. In another related situation, another mother and child were allowed to testify that Walls paraded about his trailer wholly nude and the child added that Walls sought to have her (then a five-year-old girl) touch his penis.

Such evidence, while perhaps incidentally putting Walls' character into issue, was highly relevant and competent in this child molestation case. " 'In child molestation cases evidence of similar or connected sexual offenses against children is admissible to corroborate the testimony of the victim as well as to show the lustful disposition of the defendant. *Felts v. State,* 154 Ga. App. 571 (2) (269 SE2d 73); *Phelps v. State,* 158 Ga. App. 219 (2) (279 SE2d 513).' *Ballweg v. State,* 158 Ga. App. 576 (2), 577 (281 SE2d 319)." *Sullivan v. State,* supra, p. 299. This evidence properly was admitted for the limited purpose relegated to it by the trial court.

3. In his third enumeration Walls urges that the outcry of the victim was uttered at a time too far removed from the occurrence to qualify as a part of the res gestae. Walls thus objected to the testimony of the mother in repeating her son's complaint to her. The facts show, however, that the six-year-old victim had eaten his supper and gone back out to play in the area around Walls' trailer. Shortly thereafter he was called in by his mother, fed a snack and before being put to bed, was bathed. Thus for all the record shows, the molestation had occurred within the hour. As the victim's mother was bathing him, she started to wash his body in the area of the genitals. The child drew back in an unusual manner, prompting his mother to inquire if anything was wrong. The child then spontaneously detailed the appellant's actions in fondling him by committing oral sodomy upon the child and showing the child masturbational acts.

Declarations attributable to res gestae are those contemporaneous with the unusual occurrence giving rise to the utterance. Such contemporaneity does not require precise concurrence in time. A declaration that obviously springs out of the transaction, tending to elucidate it, that is not suspected or extracted and thus is truly spontaneous and voluntary, made at a time near enough and under circumstances reasonably to preclude any suggestion of deliberate design may be regarded as contemporaneous. *Mitchum v. State,* 11 Ga. 615 (5). As we view the circumstances of this case, the proximity in time to the occurrence, the guilelessness of the child's recounting of events, the utter lack of suspicion by the mother, these all compel the conclusion that the child's utterance was not infected with device or afterthought. *Johnson v. State,* 142 Ga. App. 560 (236 SE2d 552); *Larkin v. State,* 137 Ga. App. 164 (1) (223 SE2d 215); *Salleywhite v. State,* 133 Ga. App. 170 (1) (210 SE2d 334). We find no error in admitting the mother's repetition of the child's testimony. Moreover, the mother testified that she had had the highest regard for Walls' reputation and considered him a friend. Thus her testimony also was admissible to explain the mother's subsequent conduct and motive in procuring

the warrant which served as the basis of the charge for which Walls stood trial. *Payne v. State,* 163 Ga. App. 276, 277 (293 SE2d 483); *Jones v. State,* 161 Ga. App. 610 (288 SE2d 788). There is no merit in this enumeration.

4. In his last enumeration of error, appellant complains the trial court erred in failing to give his requested charge on the credibility of youthful witnesses.

The trial court gave the substance of appellant's request in language substantially as requested though not in the identical language. The charge as given by the court, moreover, was a correct statement of law. *Sullivan v. State,* supra, p. 299. The trial court's failure to charge in the exact language requested is not error where the substance of the request is given in legally sufficient and correct terminology. *Nelson v. State,* 247 Ga. 172, 177 (12) (274 SE2d 317); *Jones v. State,* 161 Ga. App. 620, 622 (2) (288 SE2d 795).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 2, 1983.

*Steven L. Beard,* for appellant.
*Thomas J. Charron, District Attorney, Debra Halpern Bernes, Assistant District Attorney,* for appellee.