## 75864. WARD v. THE STATE.
### (368 SE2d 139)

Deen, Presiding Judge.

The appellant, Donald Ward, was convicted of molesting his daughter. On appeal, he contends that the trial court erred in certain evidentiary rulings, and that the evidence did not support the conviction. *Held*:

1. The trial court found the seven-year-old child victim incompetent to testify. Prior to that finding, however, the trial court had allowed the child's mother and grandfather to testify about the child's out-of-court statements relating how her father had molested her. Had the child been a competent witness, and thus "available to testify in the proceedings," this testimony clearly would have been admissible under OCGA § 24-3-16, and as prior consistent or inconsistent statements. See *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). When confronted by the dilemma of having this prerequisite foundation crumble, the trial court found the testimony admissible as part of the *res gestae*.

The alleged molestation occurred on a Friday, when the child did not attend school because of illness and before the appellant went to work early in the afternoon. When the appellant left for work, the child remained at home with the appellant's mother, who lived with them. The child's mother returned home later that afternoon from her own job. The next day, the child's mother took the child (and her other children) to visit the child's grandfather, and it was during this visit that the child first made remarks indicating that she had been sexually molested by her father.

The child's grandfather was allowed to testify that after lunch he was bouncing the child in his lap, when he understood her to ask him to stop, because her daddy had "hit" her there and it hurt. He asked her if she had told her mother about this, and she replied that she had not because her daddy had told her not to tell her mother. He immediately told the child's mother, to whom the child explained that the day before, while in the bedroom, her daddy had licked her "straddle" and had her lick him "on the straddle." (The grandfather had a hearing problem and had misunderstood the child.)

Under OCGA § 24-3-3, "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." The admissibility of declarations as part of the *res gestae* is left to the sound discretion of the trial court, considering the

time, circumstances, and statements in question. *Wallace v. State*, 151 Ga. App. 171 (259 SE2d 172) (1979). It is a determination in which very often no precise time when the *res gestae* ends may be fixed. *Kilgore v. State*, 177 Ga. App. 656 (2) (340 SE2d 640) (1986); *Millwood v. State*, 174 Ga. App. 113 (329 SE2d 273) (1985).

In this case, the child's initial utterance apparently was spontaneous, precipitated by pain when her grandfather bounced her in his lap, and made to the first person she came in contact with who was unconnected with the appellant's household. Considering the spontaneity of and circumstances around the remark, we are unable to conclude that the trial court abused its discretion in finding, despite the fact that the child's statement was made a day after the molestation, that the statement was so nearly connected in time with the act of molestation as to be free of device and afterthought. See *Kilgore v. State*, supra, and *Millwood v. State*, supra.

2. The appellant also contends that the trial court erred in allowing a child psychologist, called by the State as an expert witness, to testify about the child's identifying her father as the one who committed the act of molestation. If the psychologist's testimony had been offered solely under OCGA § 24-3-4, regarding statements made for purposes of medical diagnosis or treatment, admission of that portion of the testimony identifying the appellant as the molester would have been improper. *Johnson v. State*, 149 Ga. App. 544 (254 SE2d 757) (1979); see also *Butler v. State*, 256 Ga. 448 (349 SE2d 684) (1986). However, this testimony was also offered as expert opinion testimony, which generally may also include the facts upon which the expert's opinion is based. See *Keri v. State*, 179 Ga. App. 664 (347 SE2d 236) (1986).

In this case, the expert stated that in her opinion the child had been sexually molested. In part, the expert's opinion was based upon the child's drawings in which she indicated what her father had done to her and what her father had her do to him. In view of *Allison v. State*, 256 Ga. 851 (353 SE2d 805) (1987), it is not at all clear that the expert's opinion did not impermissibly invade the province of the jury; but that was not enumerated as error on appeal. Concerning the psychologist's testimony recounting the child's identifying her father as the one who had molested her, that evidence, even if objectionable, was cumulative and therefore insufficient to warrant reversal. See *Johnson v. State*, supra.

3. Viewed in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., and Banke, P. J., concur. Banke, P. J., also concurs specially. Beasley,*

*J., concurs specially. Carley, Sognier, Pope, and Benham, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I concur fully in Division 3 and in the judgment. As to Divisions 1 and 2, I agree that the evidence of the child's statements to the grandfather, mother, and child psychologist were admissible but upon a different basis.

They are authorized by OCGA § 24-3-16, which was adopted to avoid the *res gestae* limitations with which the court grapples here. Admissibility under OCGA § 24-3-16 is not governed by a judicial ruling of the child's competency to testify as a witness. It is predicated instead on the child's availability at trial to be questioned by defendant, primarily so as to fulfill his constitutional right to confrontation. See *Westbrook v. State*, 186 Ga. App. 493 (368 SE2d 131) (special concurrence) (1988).

I am authorized to state that Presiding Judge Banke joins in this special concurrence.

SOGNIER, Judge, dissenting.

I respectfully dissent. Whether statements fall within the res gestae exception to the hearsay rule is within the discretion of the trial court; however, this does not mean that such discretion is not subject to appellate review. The standard for review set forth by our Supreme Court is that "a trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71) (1982). In my view, the trial court's ruling, admitting into evidence the victim's statement to her mother, was just such an erroneous determination.

"Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3. The statement to the victim's mother was made some twenty-four hours after the offense allegedly occurred, and during that period the victim was alone with her mother and grandmother and had ample opportunity to talk to either or both of them during the absence of appellant. While contemporaneousness does not require precise concurrence in time, the declaration must not be "suspected *or extracted* and thus . . . truly *spontaneous and voluntary*, made at a time near enough and under circumstances reasonably to preclude any suggestion of deliberate design . . . ." (Emphasis supplied.) *Walls v. State*, 166 Ga. App. 503, 505 (3) (304 SE2d 547) (1983). In the instant case the victim's statement to her mother was neither

spontaneous nor voluntary, but was elicited by the mother's questions. In fact, the mother testified that because the victim did not want to talk about the incident, she (the mother) stopped talking to the victim and let it go. Under such circumstances, I do not find the victim's statement to her mother to be admissible as part of the res gestae. Id.; see also *Sanborn v. State*, 159 Ga. App. 608 (1) (284 SE2d 110) (1981).

I agree that the victim's statement to her grandfather set forth in the majority opinion could be construed as part of the res gestae and would be admissible, because even though a child is incompetent as a witness, the child's declarations as part of the res gestae are admissible. *Williams v. State*, 144 Ga. App. 130, 132 (1) (240 SE2d 890) (1977). However, this statement is not incriminatory under the charge as drawn.

Although in this case there is an oral confession, it must be corroborated by other evidence to support a conviction. OCGA § 24-3-53, *Chapman v. State*, 90 Ga. App. 845, 849 (84 SE2d 485) (1954). Since the victim's statement to her grandfather was not incriminatory, and the mother's statement did not meet the res gestae requirements for admissibility, they could not have constituted sufficient corroboration. The only other testimony which could corroborate appellant's confession was the testimony of a child psychologist. I find her testimony equally inadmissible. Such testimony clearly was not part of the res gestae, since the interviews with the psychologist were instigated by the prosecuting attorney. Nor was such testimony admissible under the provisions of OCGA § 24-3-16. This is true because the trial court found that the victim was incompetent as a witness and unavailable to testify. Thus, testimony by the psychologist as to what the child did and said during interviews was clearly hearsay. To admit such testimony by the psychologist deprived appellant of his right to confront the witnesses against him, since the psychologist was allowed to identify pictures drawn by the victim and give a demonstration with anatomically correct dolls as to what the victim had demonstrated with such dolls to the psychologist, and she testified as to what the victim said in connection therewith. As the pictures were introduced into evidence and the demonstration with the dolls was in front of the jury, such hearsay testimony was extremely damaging and prejudicial to appellant, particularly when he had no opportunity to question the victim. Hearsay evidence is not admissible to prove the truth of the fact asserted, unless the evidence constitutes a recognized exception to the general rule excluding hearsay. *Eubanks v. State*, 180 Ga. App. 355, 356 (2) (349 SE2d 244) (1986). The only exception applicable to cases such as this is found in § 24-3-16, supra, and that exception is applicable *only* if the child victim is available to testify. Since the victim, having been declared incompetent, was not available to tes-

tify, the psychologist's testimony as to what the victim did and said was not admissible, and her testimony could not be used to corroborate appellant's confession.

Moreover, I find another reason compelling reversal here. In addition to testifying as to what the victim said and did, the psychologist was allowed to state her opinion that the victim was sexually abused. Appellant objected vehemently to this testimony, but his objections were overruled. However, he asked for, and received, a continuing objection to the entire testimony of the psychologist. The Supreme Court has set forth the following rule: "an expert may not testify as to [her] opinion as to the existence *vel non* of a fact (in this case, whether the child had been abused sexually) unless the inference to be drawn from facts in evidence is beyond the ken of the jurors — that is, unless the jurors, for want of specialized knowledge, skill, or experience, are incapable of drawing — from facts in evidence — such an inference for themselves." *Allison v. State*, 256 Ga. 851, 853 (5) (353 SE2d 805) (1987). In the instant case the jurors had before them pictures drawn by the victim showing sexual abuse, and had seen a demonstration of what the victim did with the dolls, which also demonstrated sexual abuse. Under such circumstances the jurors were fully capable of deciding, on their own, whether the victim was, in fact, abused. For that reason, since appellant voiced objection to such testimony, the admission of the psychologist's opinion was error demanding reversal. Id. at 853 (6) and (7).

The majority states that it will not consider *Allison* because appellant did not enumerate this error specifically on appeal. However, this court has held: " ' "In exceptional circumstances, *especially in criminal cases*, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." [Cit.]' [Cits.]" (Emphasis supplied.) *Almond v. State*, 180 Ga. App. 475, 480 (349 SE2d 482) (1986); *Kearney v. State*, 184 Ga. App. 64, 66 (360 SE2d 633) (1987). I find that this case fairly begs for the application of this rule. In my opinion, it would be unconscionable to affirm a conviction based entirely on inadmissible evidence. To do so would seriously affect the fairness and integrity of the judicial system. While I find appellant's conduct reprehensible, I share Justice Smith's view, set forth in a dissenting opinion as follows: "As a result of this being such an emotion-filled area of the law at this time, we are ignoring the time-honored rules of evidence and are creating new rules for child abuse and molestation cases in order to obtain convictions of those who are perceived guilty of those heinous crimes . . . . Those accused of other crimes should not be provided greater evidentiary protection than those accused of child molestation." *State v. Butler*, 256 Ga. 448,

454-455 (349 SE2d 684) (1986). Accordingly, I would reverse appellant's conviction.

I am authorized to state that Judge Pope and Judge Benham join in this dissent.

DECIDED MARCH 18, 1988.

*Gilbert H. Deitch*, for appellant.
*Robert E. Keller, District Attorney, Deborah Benefield, Assistant District Attorney*, for appellee.