76256. ROBERSON v. THE STATE.
(370 SE2d 661)

BENHAM, Judge.

Appellant was convicted of four counts of child molestation and

four counts of aggravated child molestation. The victims were appellant's ten-year-old stepdaughter; his eight-year-old niece; his seven-year-old adopted son, and his three-year-old son. On appeal, appellant only takes issue with the judgment entered on those convictions involving the three-year-old victim, who did not testify at trial.

Appellant contends the evidence presented at trial was insufficient to support the two convictions. The indictment charged appellant with "placing his penis against the anus area of [the three-year-old boy] with the intent to satisfy the sexual desires of the accused," and with "placing his mouth upon the penis of [the child] . . . with the intent to satisfy the sexual desires of the accused." See OCGA § 16-6-4 (a), (c).

Testimony presented by the State concerning this victim was brief. The child's mother testified that she once awakened to find her husband masturbating in front of the three-year-old in the family room, but did not see appellant touch the child. The family nurse practitioner who examined the child testified that it was important that she get a precise history from the child as to what had occurred and, over a hearsay objection, then related that the child had told her that "his father used vaseline in the child's mouth and in his rectum and that his father put his penis in the child's mouth and in his rectum until some watery stuff came out. . . ." The trial court permitted the testimony under the "patient history" exception to the hearsay rule. OCGA § 24-3-4. As stated earlier, the child did not testify.

Under OCGA § 24-3-4, "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment shall be admissible in evidence." "[OCGA § 24-3-4] permits, as an exception to the hearsay rule, statements made for the purpose of describing medical history insofar as reasonably pertinent to diagnosis or treatment. The identity of the defendant contained in the out-of-court statements was unnecessary to any legitimate purpose addressed in [OCGA § 24-3-4], and admission of that portion of the statement was error." *Johnson v. State*, 149 Ga. App. 544 (5) (254 SE2d 757) (1979). See also *Lewis v. State*, 161 Ga. App. 209 (2) (288 SE2d 278) (1982). "Under this Code section the child's statements about *what* happened were admissible at trial. This is not to say, however, that her statements about *who* did it were admissible as this information would not be pertinent to the medical diagnosis. [Cit.]" *State v. Butler*, 256 Ga. 448, 449 fn. 1 (349 SE2d 684) (1986). It was error to admit the unrestricted testimony of the nurse practitioner. Compare *Sparks v. State*, 172 Ga. App. 891 (2) (324 SE2d 824) (1984); *Jones v. State*, 161 Ga. App. 610 (6) (288 SE2d 788) (1982). The admission of the testimony concerning the

child's identification of his father to the nurse practitioner as the perpetrator was not cumulative because the record contained no other evidence linking appellant to the acts perpetrated upon the child. Compare *Jones v. State*, supra; *Johnson v. State*, supra. Appellant's two convictions based upon acts allegedly performed on the three-year-old child must be reversed since inadmissible hearsay, wholly without probative value, was the only evidence linking appellant to the acts. See *Duke v. State*, 205 Ga. 106, 110 (52 SE2d 455) (1949). Even if the nurse practitioner's entire testimony were admissible, appellant's conviction for aggravated child molestation would have to be reversed because the indictment alleged that appellant had placed his mouth upon the child's sex organ, while the nurse practitioner testified that the child said that appellant had placed his sex organ in the child's mouth. "If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance . . . As we understand the rule, no averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed. All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance. [Cits.] . . . To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and constitute a fatal variance . . . [Cits.]" *Cantrell v. State*, 162 Ga. App. 42, 43 (290 SE2d 140) (1982).

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 9, 1988.

*Anthony N. Perrotta, Lauren L. Becker*, for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Kimberly L. Schwartz, Assistant District Attorneys*, for appellee.