## A89A1135. JENKINS v. THE STATE.
(382 SE2d 389)

DEEN, Presiding Judge.

Appellant Jenkins was found guilty of aggravated child molestation and sentenced to ten years' imprisonment to be followed by ten years' probation. After denial of his motion for new trial on the general grounds, he appealed to this court, enumerating as error the denial of his motion for directed verdict of acquittal. *Held*:

On appeal Jenkins contends that his motion should have been granted because the State presented "no direct evidence" of child molestation. He alleges that the evidence was all inadmissible hearsay, and that the child's bleeding in the vaginal area was caused not by any act of his but by falling off a bicycle or, alternatively, by jumping off bunk beds. He further alleges that the State offered no evidence that any injury allegedly caused by the defendant occurred with the intent to arouse or satisfy sexual desire, as required by OCGA § 16-6-4 (a).

1. Our scrutiny of the record in the instant case, including the trial transcript, reveals that the testimony which appellant characterizes as "hearsay" was actually given by the deputy sheriff and the social worker who had interviewed the seven-year-old victim when it was reported that the little girl had possibly been subjected to sexual abuse. During this interview the child had related the manner in which she had been hurt, and by whom, and had demonstrated what had happened by the use of anatomically correct dolls available at the site of the interview. At that time the child also stated that she had initially attributed the injury to a fall from her bicycle (according to the record, a traditional "girl's bike" with no crossbar) because appellant had instructed her to say that and had threatened to beat her if she stated otherwise. Prior to receiving these two persons' testimony, the court had interviewed the child and found present sufficient indicia of reliability; although the child herself did not testify as to the specifics of the incident, she was available during the entire proceedings and did testify on other matters. Cf. *Ward v. State*, 186 Ga. App. 503 (368 SE2d 139) (1988).

OCGA § 24-3-16 provides as follows: "A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability."

Thus, contrary to appellant's allegation, sufficient competent evidence was adduced by the prosecution to withstand appellant's motion for directed verdict of acquittal. Such a verdict is authorized only "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty.'" OCGA § 17-9-1 (a). The only witness to appear for the defense was Jenkins himself, whose testimony consisted chiefly of protestations of innocent affection for his girl friend's children, coupled with unconvincing assertions about the cause of the injuries to the vaginal and rectal areas.

2. The record indicates that the trial court properly charged the

jury on intent and the other elements of the offense charged, and that sufficient competent evidence on these points was adduced at trial to authorize the rational trier of fact to find appellant guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The trial court did not err in denying appellant's motion for directed verdict. His enumeration is therefore without merit.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 11, 1989.

*Donald A. Starling*, for appellant.

*Harry D. Dixon, Jr., District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.