## A89A1943. SHORTES v. THE STATE.
(389 SE2d 354)

BENHAM, Judge.

This appeal is from appellant's conviction for aggravated assault. The issues raised on appeal are the admissibility of hearsay evidence offered under the res gestae exception to the hearsay rule, and the sufficiency of the evidence. We find no error and affirm.

1. The alleged victim in this case is appellant's mother. She did not testify at trial, but the State introduced the testimony of Wight, a friend of the victim, who related what the victim told her about the assault with which appellant was charged. In overruling appellant's hearsay objection, the trial court found that the testimony was sufficiently close in time to the events related so as to be within the res gestae exception.

"Under OCGA § 24-3-3, '(d)eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae.' The admissibility of declarations as part of the *res gestae* is left to the sound discretion of the trial court, considering the time, circumstances, and statements in question. [Cit.] It is a determination in which very often no precise time when the *res gestae* ends may be fixed. [Cits.]" *Ward v. State,* 186 Ga. App. 503 (1) (368 SE2d 139) (1988).

Wight testified in a proffer of evidence outside the jury's presence that the victim arrived at Wight's home at 6:00 a.m., visibly suffering from a beating, and related the following: that while she was in the kitchen around 5:30 a.m., appellant hit her in the back of the

head, beat her, and then dragged her into the swimming pool, and that she had then driven to Wight's home. Wight testified that the victim lived 12 miles from Wight's home and that the drive took 20 minutes. Applying those facts to the rule stated in *Ward*, supra, we find no abuse of discretion in the trial court's decision that the statements came within the res gestae. Accordingly, we find no error in the admission of Wight's testimony.

2. For the first time on appeal, appellant contends that admission of Wight's testimony concerning the victim's statements deprived her of her constitutional right to confront witnesses against her. "Grounds which may be considered . . . on appeal are limited to those which were raised at trial." *Proffitt v. State*, 181 Ga. App. 564 (2) (353 SE2d 61) (1987).

3. The evidence adduced at trial authorized the jury to find that appellant attacked and beat her mother with a baseball bat and then dragged her into a swimming pool, causing severe bruises, cuts, and scrapes, and breaking her glasses and a bridge in her mouth. We find that evidence sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Adams v. State*, 173 Ga. App. 877 (1) (328 SE2d 767) (1985).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 20, 1989 —
REHEARING DENIED DECEMBER 8, 1989 — 

*Porter & Lehman, Thomas L. Lehman*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.