A90A1365. DEAN v. THE STATE.
(401 SE2d 40)

POPE, Judge.

Defendant was convicted by a jury of the offense of aggravated child molestation. He appeals from the denial of his motion for new trial. We affirm.

Construed so as to support the verdict, the evidence at trial showed the following: The defendant and his wife were divorced in early November 1987. At that time the victim, defendant's natural son, was approximately three-and-one-half years old. The defendant picked up the victim on Friday evening, November 6, 1987, for a weekend visit. Over the course of the weekend the victim spent time with several members of the defendant's family, the defendant's girl friend's family and the defendant. The victim's grandfather returned the victim to his mother's home on Sunday evening. The victim was asleep so the grandfather carried the victim into the house and placed him on the sofa. The victim's mother testified that the victim slept for approximately 30 minutes to an hour. Upon awakening, the victim stepped outside for approximately three to four minutes. When he stepped back inside he had wet his pants. While the mother was changing the victim's clothes she noticed a very red circle around his anus. She asked the victim how he had been injured and he responded "my daddy did it with his tee-tee." The mother called the father and questioned him about the injury. He initially stated he did not know the child had been injured, but when the mother stated she was going to have the child examined, the defendant remembered the

child fell on a bicycle. That night the mother had the victim examined by a physician. The physician testified at trial that he found both external and internal injuries consisting of abrasions, bruising, tears (fissures) and swelling and enlargement and engorgement of the hemorrhoidal veins in the child's rectum. The doctor testified that the type of injury he observed could only be caused by a "blunt trauma" involving a round object and caused by a repetitive in and out motion. The doctor testified the injuries were consistent with an adult penis having been inserted into the child's rectum.

1. (a) Defendant first argues the trial court erred in allowing the physician who examined the victim to testify about the victim's out-of-court statements identifying his father as the person who committed the act of molestation. Here, the three-and-one-half-year-old victim was not presented as a witness because of the conclusion of the prosecutor, based on his experience with the child, that he would not be found competent to testify under the competency standards existing at the time of this trial.[1] Because the victim was not found competent to testify then, under the law applicable at the time of this trial, he was not "available" to testify at trial and the out-of-court statements made to the physician were not admissible under the Child Hearsay Statute, OCGA § 24-3-16. Neither was that portion of the out-of-court statement of the victim to the examining physician concerning the identity of the perpetrator admissible under the medical history exception to the hearsay rule, OCGA § 24-3-4. See *State v. Butler*, 256 Ga. 448, 449, n. 1 (349 SE2d 684) (1986); *Johnson v. State*, 149 Ga. App. 544 (5) (254 SE2d 757) (1979).

The record shows, however, that this testimony was admitted without objection at trial. Thus, "[w]hile we find the admission of this testimony, over proper objection, would demand reversal, there was no contemporaneous objection. Hence, we do not reverse on this ground." *Allison v. State*, 256 Ga. 851, 853 (7) (353 SE2d 805) (1987). Although defendant argues the trial court indicated prior to the witness' testifying that such testimony would be inadmissible, this did not obviate the need for an objection or motion for mistrial at the time the testimony was offered. See, e.g., *Spencer v. State*, 180 Ga. App. 498, 500 (2) (349 SE2d 513) (1986) and *Robinson v. State*, 173 Ga. App. 260, 261 (3) (325 SE2d 882) (1985) (in which this court held that the fact that the trial court previously granted a motion in limine as to certain evidence does not obviate the need for objection at trial in order to preserve the issue of the admissibility of the complained of

---

[1] We note this offense occurred prior to the effective date of the 1989 amendment to OCGA § 24-9-5 declaring a child victim competent to testify in a child molestation case notwithstanding his inability to understand the nature of an oath. See Ga. L. 1989, p. 1639, § 1 (adding subsection (b) to the statute).

evidence for appellate review). "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later. *Joyner v. State*, 208 Ga. 435, 438 (67 SE2d 221) (1951)." (Punctuation omitted.) *Sprayberry v. State*, 174 Ga. App. 574, 575 (330 SE2d 731) (1985). Accord *Hollis v. State*, 191 Ga. App. 525 (5) (382 SE2d 145) (1989). Moreover, the evidence was cumulative (see Division 2, infra) and therefore its admission is insufficient to warrant reversal. See *Ward v. State*, 186 Ga. App. 503 (2) (368 SE2d 139) (1988); *Johnson*, supra at (5).

(b) Defendant also objects to the admission of testimony by the doctor concerning his opinion that the victim had been sexually molested. Again, however, defendant failed to object to this testimony at trial and hence cannot be heard to complain on appeal. Consequently, this enumeration of error is without merit.

2. Defendant next contends that the trial court erred in allowing the victim's mother to testify as to statements the child made to her concerning the molestation by defendant as part of the res gestae. Under OCGA § 24-3-3 "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." "The admissibility of declarations as part of the *res gestae* is left to the sound discretion of the trial court, considering the time, circumstances, and statements in question. *Wallace v. State*, 151 Ga. App. 171 (259 SE2d 172) (1979). It is a determination in which very often no precise time when the *res gestae* ends may be fixed. *Kilgore v. State*, 177 Ga. App. 656 (2) (340 SE2d 640) (1986); *Millwood v. State*, 174 Ga. App. 113 (329 SE2d 273) (1985)." *Ward v. State*, 186 Ga. App. 503-504 (1) (368 SE2d 139) (1988).

In this case the victim was with either his father or a relative of his father from Friday evening until Sunday night when he was returned home by his grandfather. At that time he was sleeping. Upon awakening, he stepped outside for approximately three to four minutes, during which time he wet his pants. While the mother was changing his clothes she noticed the injuries around his anus and questioned the child. The child responded "my daddy did it with his tee-tee." This was apparently the first conversation the victim had with his mother upon returning home, and the first opportunity the child had to talk with someone outside his father's family. The mother immediately had the child examined by a physician, who opined that the molestation had occurred within the past 24 hours. "Considering the spontaneity of and circumstances around the remark, we are unable to conclude that the trial court abused its discretion in finding, despite the fact that the child's statement was made [approximately a day] after the molestation, that the statement was so nearly connected in time with the act of molestation as to be free

of device and afterthought. See *Kilgore v. State*, supra, and *Millwood v. State*, supra." *Ward v. State*, supra at 504. See also *Shortes v. State*, 193 Ga. App. 859 (1) (389 SE2d 354) (1989).

3. For the reasons stated in Divisions 1 and 2, supra, the trial court did not err in denying defendant's motion for new trial.

4. Defendant also complains of the trial court's refusal to answer a written question from the jury concerning the name used by the victim to address his paternal grandfather. However, the transcript reveals the trial court discussed the question with defense counsel (and the prosecutor) and that counsel indicated his agreement with the court's refusal to answer the question. Consequently, this enumeration is without merit.

5. Lastly, defendant challenges the sufficiency of the evidence. We have examined the evidence and find it sufficient under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs in judgment only as to Divisions 1(a) and 5.*

DECIDED DECEMBER 4, 1990 —
REHEARING DENIED DECEMBER 19, 1990.

*Lynch & Powell, David A. Powell, Michael Mears*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.