*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

### 13118. HARRISON v. THE STATE.

1. The admission of testimony as to declarations of one jointly indicted with the defendant on trial was not error, under the facts of this case.

2. The permitting of cross-examination of one who had testified to the good character of the defendant, as to whether he had heard that the defendant was charged with certain stealing, was not ground for a new trial.

3. The trial judge's disapproval of a special ground of the motion for a new trial excludes that ground from consideration by this court.

4. That the court, in charging on impeachment of witnesses, failed to charge on impeachment by previous contradictory statements, will not be held error for the reason alleged in the motion for a new trial, that " the principal ground on which the principal witness for the prosecution was sought to be impeached was by proof of contradictory statements which

were material to the issue on trial and which were made on a previous trial," since the brief of the evidence does not show such contradictory statements.

DECIDED FEBRUARY 14, 1922.

Indictment for robbery; from Fulton superior court — Judge Humphries. October 27, 1921.

Harrison, the plaintiff in error, was indicted jointly with Cathey for robbery, but was tried separately. The testimony referred to in the first paragraph of the decision was that of a witness for the State who testified that Cathey came to the place of business of the witness the day after the alleged robbery and left with him a roll of money which Cathey said was his (Cathey's) wife's money, and wanted him to keep the money until Cathey's return from "a raid on which he was going;" and that Cathey returned on the same day and got the money and left. This testimony was admitted over the objections that there was no evidence of conspiracy between Harrison and Cathey, that Harrison was not present when Cathey's statements were made to the witness, and that declarations of Cathey were not admissible against Harrison.

*Fred E. Harrison,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BROYLES, C. J. 1. Under the facts of the case the admission of the testimony complained of in the first ground of the amendment to the motion for a new trial was not error.

2. There is no merit in ground 2 of the amendment to the motion for a new trial. The record shows that a witness for the defendant, who had just testified to the good character of the accused, was asked by the solicitor-general, on cross-examination, the following question: "Did you know that this man Harrison, the defendant, is charged with the offense of stealing gasoline from a drug-store out here in West End, breaking into the gasoline tank and stealing gasoline?" The witness answered, "I have just heard it." The admission of the evidence was not error for any reason assigned. Moreover, substantially the same evidence was subsequently given by the same witness, without any objection.

3. Ground 3 of the amendment to the motion for a new trial is disapproved by the trial court.

4. Complaint is made in the remaining special ground of the of the motion for a new trial, that the court erred in its charge upon the impeachment of witnesses, because the charge contained

no reference to the impeachment of a witness by proof of previous statements made by him which were material to the case and to his testimony and contradictory to his testimony upon the trial of the case. It is alleged in the ground that this omission was error, because "the principal ground on which the principal witness for the prosecution was sought to be impeached was by proof of contradictory statements which were material to the issue on trial and which were made on a previous trial in the city court." There is no merit in this ground of the motion, as a careful examination of the brief of evidence fails to disclose any such contradictory statements.

5. The conviction was amply authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*