## 49105. WHATLEY v. THE STATE.

EVANS, Judge.

Defendant was indicted and tried for murder. He was convicted of manslaughter and sentenced to serve eight years. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. The victim was shot and killed in a fight over a card game. The defendant contended he acted in self defense and under reasonable fears for his life because of threats, menaces and actual assault upon him by the victim. He admits he shot the deceased. Defendant cites *York v. State,* 226 Ga. 281 (174 SE2d 418), but this case does not support his contentions. The evidence was sufficient to support the verdict, and the general grounds are not meritorious.

2. During the pre-sentence hearing after conviction, a character witness was offered by the defendant to prove his good character. On cross examination, after colloquy with the court, the state was allowed to cross examine the witness as to his having heard that defendant had been charged with various crimes and misdemeanors. Defendant objected to testimony as to what the witness had heard about defendant, and suggested that the highest and best evidence would be conviction of the charges; and that this was an improper method of testing the credibility of the witness. But where a witness for defendant testifies as to defendant's good reputation, the law allows the state, on cross examination, to test the credibility of the witness by asking him as to whether he has "heard" that defendant was charged with or committed certain crimes or misdemeanors. *Moulder v. State,* 9 Ga. App. 438 (71 SE 682); *Harrison v. State,* 28 Ga. App. 216 (2) (111 SE 220); *Ozburn v. State,* 87 Ga. 173-174 (4) (13 SE 247). After all, a person's *reputation* is what his friends and neighbors *say* about him —

whether the sayings are founded on fact or fiction; as opposed to his *character*, which is what he really is. This is the flimsiest type of testimony imaginable, and offers the opportunity for a clever expert on cross examination to plant the seeds of doubt in the jury's mind by simply asking questions — without requiring that the questions be based on substance or fact. But such is the ruling in the authorities above cited. As opposed to this procedure, the American Bar Association has set forth the proper ethical procedure governing such matters in the New Code of Professional Responsibility. The Supreme Court of Georgia has approved same for the State Bar of Georgia as Directory Rules and Ethical Considerations in our Canons of Ethics, in Rule 7-104 (c) (2) [Rule 3-107 — Canon 7] to wit: "A lawyer shall not . . . state or allude to any matter . . . that will not be supported by admissible evidence."

But, until this ethical consideration is given legislative sanction, or is written into a decision, it cannot have the effect of overturning the judicial precedents previously cited. There was no error in allowing the questions to which objection was made.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED FEBRUARY 7, 1974 — DECIDED MARCH 14, 1974.

*C. Ronald Patton,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.