## 50160. CHAPPELL v. THE STATE.

BELL, Chief Judge.

Defendant was indicted for murder but was convicted of voluntary manslaughter. *Held:*

1. The defendant contends that the trial court erred in failing to charge the jury on involuntary manslaughter. The state's evidence revealed that defendant and the deceased while present at a rooming house in Atlanta, became engaged in a fight over the purchase of marijuana. Defendant was armed with a pistol and the deceased was unarmed. The two combatants moved outside the house into the street. Defendant fired his pistol and inflicted a fatal head wound. The defendant testified that while in the street, he turned to walk away and the deceased came up behind him. Defendant turned and shot the victim "without aiming," and "not intending to kill him." The evidence did not raise the issue of involuntary manslaughter by the commission of an unlawful act other than a felony, the only grade of involuntary manslaughter possible under these facts. Code Ann. § 26-1103 (a). While defendant denied an intent to kill and stated that he shot without aiming, his testimony clearly shows that he intended to fire his pistol at the victim. This evidence amounts to an aggravated assault with a deadly weapon, a felony. Code Ann. § 26-1302 (b).

2. Defendant placed his character in issue by his own testimony. During argument, the district attorney stated: "At any rate, it is even presumed that the deceased had good character. That is not really relevant about the deceased." Defendant moved for a mistrial because of this reference to the deceased's character and it was denied. There is some authority for the statement that the law presumes that every man has a good character. See *Bennett v. State,* 86 Ga. 401, 404 (12 SE 806). However, this reference to deceased's character was totally irrelevant to any issue in the case and it was erroneous to permit the district attorney to make this argument. However, it was harmless. The verdict of guilty was supported by the evidence. The improper argument could not have affected the result. *Lee v. State,*

116 Ga. 563 (1) (42 SE 759).
*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED FEBRUARY 3, 1975 — DECIDED MARCH 7, 1975 — REHEARING DENIED MARCH 26, 1975.

*John Thomas Chason,* for appellant.
*Lewis R. Slaton,* District Attorney, *Carole E. Wall, Jack E. Mallard, Joseph J. Drolet,* Assistant District Attorneys, for appellee.