## 57868. BALLARD v. THE STATE.

CARLEY, Judge.
Ballard was indicted for murder for shooting Thomas Moore with a rifle, "thereby giving to him mortal wounds, of which . . . [he] then and there died." Represented by counsel, Ballard appeared in court, pled guilty to voluntary manslaughter and was sentenced to five years in the penitentiary. Thereafter, he filed in the trial court a

pro se "Application For Leave To File A Motion To Withdraw Guilty Plea," contending: (1) that he had not been advised of his right to appeal; (2) that he had asked a Legal Aid attorney to appeal but this attorney would not appeal and withheld his guilty plea transcript until he paid $18 for it; (3) that from his statement at the bench, "I didn't mean to kill him. I did mean to shoot him," it should have been clear to the trial judge that his words constituted the elements of involuntary, rather than voluntary manslaughter; (4) that he was not advised of the true nature of the offense to which he was pleading in violation of Henderson v. Morgan, 426 U. S. 637 (96 SC 2253, 49 LE2d 108) (1976); and (5) that his plea was involuntary because his attorney told him that if it went to trial, he would get 20 years, but he would only get five years if he pled guilty. The motion to withdraw the guilty plea was denied and this pro se appeal was filed. Even though the appeal was not filed within the time provided by law, we have considered it on its merits and affirm.

1. The transcript of the guilty plea hearing shows that Ballard responded to questions before the court that he understood the proceedings, that his attorney had explained them, that he understood he had a right to a trial by jury and a jury was at that time waiting outside the courtroom, that his plea of guilty to voluntary manslaughter was freely and voluntarily given and that he knew the joint recommendation of his attorney and the state of a five-year sentence was not binding on the court. He further indicated that he had sufficient opportunity to discuss his case with his attorney, that he was advised of his legal and constitutional rights and that his attorney told him the consequences of a guilty plea. His attorney testified that he had advised Ballard of his legal and constitutional rights to the best of his ability. Contentions that Ballard was not advised of his rights and was coerced into pleading guilty are not supported by this evidence.

2. It appears from the facts recited in the transcript that Ballard had told the victim to stay away from his house. One morning he saw the deceased coming in and told him, "I thought I told you to stay out of my house." After warning two other occupants of the house to be quiet, Ballard got his rifle and shot the deceased. Ballard

testified that he "didn't mean to kill him. I just meant to hit him. He just wanted to be bull-headed and do what he wanted to do."

Ballard's argument that under these circumstances he should have been charged with involuntary manslaughter (Criminal Code § 26-1103) rather than voluntary manslaughter (Criminal Code § 26-1102) is without merit. The only grade of involuntary manslaughter possible under these facts is that defined by Code Ann. § 26-1103 (a), causing "the death of another without any intention to do so, by the commission of an unlawful act other than a felony." But here there was an aggravated assault with a deadly weapon, which is a felony (Code Ann. § 26-1302 (b)), and precludes its application. *Chappell v. State,* 134 Ga. App. 375 (1) (214 SE2d 392) (1975). Since " 'the homicide was neither accidental nor malicious it was intentional, and therefore was voluntary manslaughter.' [Cit.]" *Cochran v. State,* 146 Ga. App. 414, 415 (2) (246 SE2d 431) (1978).

3. Henderson v. Morgan, 426 U. S. 637, 647, supra, was "unique because the trial judge found as a fact that the element of intent was not explained . . ." to the defendant, who pled guilty to second degree murder. Under the New York statute the intent to cause the death of the victim was an element of that offense, and a splintered court held that the defendant did not receive adequate notice of the offense to which he pled guilty. This decision does not require the trial judge accepting a guilty plea to personally instruct the defendant of the elements of the crime, and we know of none that does. See *Camp v. State,* 147 Ga. App. 114, 115 (2) (248 SE2d 286) (1978). In the instant case both Ballard and his attorney agreed that the nature of the charge against him had been explained, and this was sufficient. Henderson v. Morgan, supra, at 647.

4. "[A]fter the pronouncement of sentence a motion to withdraw a plea of guilty addresses itself to the sound discretion of the trial court, and this discretion will not be disturbed unless manifestly abused. [Cit.]" *Conlogue v. State,* 243 Ga. 141 (1) (253 SE2d 168) (1979). We find no such abuse here.

*Judgment affirmed. Deen, C. J., and Quillian, P. J.,*

*concur. Shulman, J., not participating.*

SUBMITTED MAY 8, 1979 — DECIDED JULY 12, 1979.

William Ballard, *pro se.*
*W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.