63138. MADDOX v. THE STATE.

DEEN, Presiding Judge.

1. The defendant was tried and convicted of aggravated assault. It is uncontested that he blocked the road, halting the car of his estranged wife, went over to her, opened the car door, pistol in hand, and that she was shot in the neck. The prosecutrix first stated to law enforcement officers that she was trying to keep the defendant from shooting himself and the gun was fired by accident, but almost three months later she took out a warrant for his arrest. It accordingly became a prominent matter of defense that she had made contradictory statements about the transaction. The defendant placed his character in issue. Special grounds 1, 2, 7, 8, 9 and 10 complain of rulings regarding questions asked of the prosecutrix and her answers to the effect that at the time of the occurrence her main reason for saying the shot was accidental was because she was afraid of her husband and afraid that, even if he were sent to jail, he would get out and seek revenge on her. Asked why she later changed her mind she gave responses to the effect that he had made attempts against her mother, that he tried to run her mother down with a car,

that he shot another person, that he was arrested for DUI and assaulted a police officer, and that his family promised to get help for his mental condition and she "felt he was dangerous and too many innocent people were being involved."

We find no error in admitting this evidence. This court still adheres to the rule enunciated in *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952) and defended in the dissenting opinion of Justice Ingram in *Hamilton v. State,* 239 Ga. 72 (235 SE2d 515) (1977) that proof of other crimes should never be admitted in evidence without a clear showing that the testimony has probative value as coming under one of the exceptions set out in *Bacon.* Where the defendant chooses to put his character in issue, as *Bacon* points out, the rule does not apply. A further reason in the present case is that this testimony explains the willingness of the prosecutrix, after a delay of almost three months, to charge her estranged husband with a deadly assault upon herself, as such testimony is admissible to show motive under Code § 38-302; see *Stanley v. State,* 153 Ga. App. 42 (4) (264 SE2d 533) (1980).

2. It was not error in the cross examination of a witness for the defendant to ask whether he knew the latter had been arrested on a DUI charge. *Harrison v. State,* 28 Ga. App. 216 (2) (111 SE 220) (1921).

3. Enumerations 4 and 6 complain of questions concerning the placing of the infant child of the defendant and prosecutrix in a foster home. The subject was initiated by the defendant, who testified that he did not shoot at his wife, that he brought the pistol with him in order to shoot himself, that he stopped her car and opened the door to ask her where the kid was, and that she would not tell him. On cross examination he was asked whether in fact the child was removed to a foster home because of his drinking. The objection was overruled on the ground that the defendant had placed his own character in issue, and the defendant stated that he did drink around the infant "when he was nervous." Later the prosecutrix testifying in rebuttal was allowed over objection to state that there had been problems over the child and she had been afraid he would leave with it. We find no error in these rulings. They were not irrelevant and the mere fact that some problems concerning custody of the child occurred after the assault for which the defendant was on trial is, under the circumstances, an insufficient reason for excluding all testimony relating to this issue. The testimony showed a continuing state of mind, supported by the defendant's own statement that he stopped his wife at the time of the alleged assault to find out where the child was, and her later decision to prosecute him for the assault based in part on the continuing "problems" concerning his being around the child.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 8, 1982.

*Wynn Pelham,* for appellant.
*Jeff Wayne, District Attorney, Patrick F. McMahon, Assistant District Attorney,* for appellee.

*Judgment affirmed. Banke and Carley, JJ., concur.*