## 66298. SIMMONS v. THE STATE.

Shulman, Chief Judge.

Appellant was convicted by a jury of incest and simple battery. He brings this appeal, raising the general grounds and asserting error in numerous rulings of the trial court.

1. Appellant contends that his conviction was invalid on the general grounds, since the only witness who could positively testify that appellant had had sexual intercourse with his daughter was the victim herself, who testified that it had occurred on numerous occasions. Appellant argues that corroborative evidence must be presented by the state to buttress the daughter's allegation.

"A conviction for incest may be based upon the uncorroborated testimony of the prosecuting witness, if the testimony is sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt. [Cits.] The purposes of the earlier corroboration rule are more than adequately met by the requirement of a jury trial and by the trial court's and appellate courts' power to provide relief where the evidence is legally insufficient. [Cit.]" *Baker v. State,* 245 Ga. 657, 666 (266 SE2d 477).

After careful examination of the record, we find that the evidence was sufficient for a rational trier of fact to find appellant

guilty beyond a reasonable doubt of incest and simple battery. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant enumerates as error the trial court's denial of his request that the jurors be sequestered and questioned on voir dire individually.

The Supreme Court held in *Whitlock v. State,* 230 Ga. 700 (5) (198 SE2d 865), that the right to individual examination of jurors given by OCGA § 15-12-133 (Code Ann. § 59-705) does not encompass isolated examination. "The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review. [Cits.]" *Messer v. State,* 247 Ga. 316, 323 (276 SE2d 15). Therefore, it is evident that there is no abuse of discretion if counsel has ample opportunity to thoroughly question each juror. After scrutinizing the record, we find that such opportunity was afforded defense counsel; thus, no abuse of discretion occurred.

3. Appellant asserts that it was error for the trial court to deny his motion for mistrial made during the opening statement and closing argument of the state's attorney.

During his opening statement, the district attorney made reference to the fact that the victim had been removed from appellant's home by the Department of Family and Children Services. Appellant's counsel immediately objected and moved for a mistrial on the basis that the district attorney's statement alerted the jury to the fact that this matter had been the subject of a previous judicial proceeding which appellant had lost. The trial judge denied the motion without explanation.

During his closing argument, state's counsel made the following observation: "I know what his sister was going to say, but they didn't put her up there. And I tell you, it wasn't favorable testimony." Appellant's counsel objected and again moved for a mistrial on the basis that the district attorney was speculating as to the testimony of a witness who was never called to testify. The trial court denied appellant's motion and then reminded the jury that what was said during closing argument was not evidence and was not to be considered as such.

The state contends that since appellant failed to renew his objection after each motion was denied, he effectively waived appellate review of the issue. It is well settled "that a defendant dissatisfied with a trial court's *action* on a motion for mistrial must renew the motion. The failure to do so amounts to a waiver. [Cit.]"

(Emphasis supplied.) *Copeland v. State,* 160 Ga. App. 786, 788 (287 SE2d 120).

A trial court's "action" has been interpreted to entail curative instructions made by the trial judge. *Whitaker v. State,* 246 Ga. 163 (11) (269 SE2d 436). Appellant, therefore, waived his right to appellate review of the denial of his motion for a mistrial as to the state's closing argument, since he failed to renew his objection after the trial judge issued his curative statement. However, in regard to appellant's first motion for mistrial, no such waiver resulted. In that instance, the trial court denied appellant's motion for mistrial with no explanatory or curative remarks. This flat denial of appellant's motion is not "action" as contemplated in *Copeland v. State,* supra; therefore, appellant was not required to renew his objection in this situation in order to obtain appellate review of the ruling.

Nevertheless, it was not error for the trial court to deny appellant's motion because the objectionable part referred to by the state in its opening statement was later brought out in testimony without objection by appellant. This precludes complaint on appeal. *Williams v. State,* 117 Ga. App. 79 (1) (159 SE2d 454).

4. Appellant contends that the trial court unduly interfered with his right to a thorough and sifting cross-examination by not allowing appellant's counsel to inquire about the victim's past sexual activity with men other than her father.

There appears to be no Georgia authority on this particular point, but there are several illuminating cases in other jurisdictions. See 97 ALR3d 967, Incest Victim's Prior Sexual Acts. The Supreme Court of Wisconsin has held that "such evidence [of the victim's prior sexual conduct] is not relevant to show the daughter was of an unchaste character, for consent of the complainant is no defense to the charge of incest, as it is to the charge of rape. [Cit.]" Angus v. State, 76 Wis.2d 191 (251 NW2d 28, 97 ALR3d 956, 962).

The only apparent exception to the foregoing rule comes into play when the victim makes a statement regarding previous sexual conduct. At that time, evidence of the victim's prior sexual conduct may then be introduced for impeachment purposes. This exception is not applicable to the instant case.

As evidenced by the language in Angus v. State, Wisconsin apparently allows admission of evidence regarding the victim's past sexual behavior in the prosecution of rape cases. Such is not the case in Georgia. OCGA § 24-2-3 (Code Ann. § 38-202.1) states, in part: "In any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or other witnesses . . ." The exception is when this evidence "supports

an inference that the accused could have reasonably believed that the complaining witness *consented* to the conduct complained of in the prosecution." (Emphasis supplied.) Since the legislature has generally barred evidence of a complainant's past sexual conduct in the prosecution of rape cases where consent *is* a defense, we believe it would be incongruous to allow such evidence in a trial for incest where consent of the victim is *not* a defense.

We, therefore, adopt the well-reasoned logic of the Wisconsin Supreme Court. It follows that in the present case the trial court was correct in ruling evidence concerning the victim's prior sexual activity inadmissible.

5. Finally, appellant argues that it was error for the state to ask, on cross-examination of appellant's character witness, if the witness had "heard" that appellant had killed a man and that if he had, would it change his opinion of him.

"[W]here a witness for defendant testifies as to defendant's good reputation, the law allows the state, on cross-examination, to test the credibility of the witness by asking him as to whether he has 'heard' that defendant was charged with or committed certain crimes or misdemeanors. [Cits.]" *Whatley v. State,* 131 Ga. App. 320 (205 SE2d 517). "He may not, however, ask questions as to *unproved crimes or acts of violence which are inflammatory, prejudicial, and suggestive of facts not in evidence,* and such unwarranted cross-examination constitutes reversible error. [Cit.]" (Emphasis supplied.) *Hudson v. State,* 163 Ga. App. 845, 848 (295 SE2d 123).

In the case at bar, the district attorney not only suggested a fact not in evidence; he suggested something that was not a fact at all. The question, "Have you heard . . . that he [appellant] has killed a man?" leads a rational person to assume that such an incident had in fact occurred. In reality, appellant served 17 months pursuant to a conviction in 1964 arising from an incident where appellant apparently shot an acquaintance as the man allegedly approached appellant with a crowbar. The proper inquiry, therefore, would have been whether the witness had heard that appellant had *shot* someone and then only if proof of this prior conviction was introduced into evidence. The district attorney's question was unduly prejudicial and therefore improper.

In light of the mandate of *Hudson,* supra, we are constrained to reverse appellant's conviction. Since the remaining enumerated errors should not occur upon retrial, it is unnecessary to consider them at this time.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 12, 1983.

*J. Richardson Brannon,* for appellant.
*Bruce L. Udolf, District Attorney, Donna Irvin, Assistant District Attorney,* for appellee.