## 40895. NASSAR v. THE STATE.
(315 SE2d 903)

MARSHALL, Presiding Justice.

The appellant was convicted of the murder of James Eddy Glanton. He was sentenced to life imprisonment. He appeals. We affirm.

The evidence showed that at approximately 5:00 p.m. on November 22, 1982, the victim was walking down Branham Avenue in Rome, Georgia. He was stopped by the appellant, who was driving a brown Ford Torino. The appellant began to speak with the victim concerning the victim's circulating certain rumors about the appellant. The victim was leaning against the passenger side of the car with his hands resting on the window. Witnesses overheard the appellant make accusatory remarks toward the victim, which were denied by him; the appellant threatened to kill the victim and then fired a .357 magnum once, striking the victim in the face. The victim staggered away from the car and fell down. The appellant got out of the car, picked up the victim, put him in the car, and drove him to a nearby hospital. He stated to the hospital personnel that he had shot the victim accidentally. The victim died in surgery at approximately 7:40 p.m. The cause of death was determined to be blood loss due to the gunshot wound, as well as brain damage.

At trial, the appellant testified that he shot the victim because the victim had threatened him, and he, the appellant, thought that the victim was going for a gun. However, witnesses to the shooting testified that they did not see the victim with a weapon; nor did they see him making any threatening motions with his hands.

1. The evidence supports the verdict under the criteria set out in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in admitting in evidence a photograph taken of the victim after he was admitted to the hospital emergency room. The photograph was taken prior to the autopsy and after the gunshot wound had been cleaned and pressure bandages applied in an attempt to stop the loss of blood. This photograph was necessary in order to show the location and extent of the wound.

For these reasons, admission of the photograph was proper under *Brown v. State,* 250 Ga. 862 (5) (302 SE2d 347) (1983).

3. The trial court did not abuse its discretion in permitting a police detective and a medical examiner to give their opinions, as expert witnesses, concerning the location of the victim's head in relation to the appellant's gun at the moment of impact. See generally *King v. Browning,* 246 Ga. 46 (1) (268 SE2d 653) (1980).

4. The trial court did not err in permitting the prosecuting attorney to cross-examine the appellant's character witnesses concerning whether or not they had heard that the appellant had been charged with or committed certain crimes. *Whatley v. State*, 131 Ga. App. 320 (2) (205 SE2d 517) (1974) and cits. In addition, the State made an offer of proof concerning these arrests and convictions, and the appellant was examined concerning them. Cf. *Simmons v. State*, 168 Ga. App. 1 (5) (308 SE2d 27) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 30, 1984.

*Hollingsworth & Richardson, Clayton H. Hollingsworth, Jr., W. Gene Richardson,* for appellant.

*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.

