## 69288. MONTGOMERY v. THE STATE.
### (327 SE2d 770)

SOGNIER, Judge.

Appellant was convicted of voluntary manslaughter and filed the instant appeal.

The evidence disclosed that appellant had been having an affair with Geneva Hughes, the victim, for two years. The afternoon of Hughes' death appellant came to her home with a pistol in his pocket. They went in the kitchen and Hughes' mother heard her daughter say, "Don't shoot me," and the elder Mrs. Hughes went in the kitchen. She saw appellant throw Geneva on the floor, and at the

same time he dropped his pistol. Appellant struck Geneva several times and recovered his pistol. Mrs. Hughes threw herself across Geneva and begged appellant not to shoot her. Appellant then shot Geneva five times, resulting in her death. Although appellant testified he only fired one shot and claimed that thereafter Mrs. Hughes had the pistol, Mrs. Hughes testified that appellant "just shot and shot and shot." A pathologist testified there were five gunshot wounds in Geneva's body, as well as several stab wounds. Appellant admitted at trial that he had a knife in his hand when he was striking Geneva.

1. An examination of the record reveals that the general grounds are without merit. We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. a. Appellant was charged with malice murder and contends the trial court erred by not charging on the lesser offense of involuntary manslaughter. After giving its charge to the jury the court asked if there were any exceptions to the charge. Appellant took exception to the court's charge on justification, but did not object to the court's failure to charge on involuntary manslaughter. Thus, he waived his right to enumerate error on the court's failure to give this charge. *White v. State*, 243 Ga. 250, 251 (253 SE2d 694) (1979); *Brown v. State*, 154 Ga. App. 358, 359 (1) (268 SE2d 731) (1980).

b. Appellant also contends the trial court's charge on justification was burden shifting and was incorrect as a matter of law. The charge complained of stated: "I charge you that it is not every danger to the slayer which justifies the killing of another. But that it is a danger to his life so great, that in order to save his own life, at the time of the killing, the killing of the other was absolutely necessary." Immediately after giving this charge the trial court read verbatim to the jury the provisions of OCGA § 16-3-21 (a) and (b). The pertinent portion of § 16-3-21 (a) sets forth the standard of force allowed in self-defense as follows: "[H]owever, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself . . . ."

The charge complained of was a correct statement of the law under former Georgia Code § 26-1014 (1933), but was eliminated from the 1968 Criminal Code of Georgia. Ga. L. 1968, p. 1249 et seq., at 1272-1274. Thus, the charge complained of is not correct under current law. However, under the circumstances of this case there was no error.

The evidence against appellant was overwhelming and indicated clearly that he was the aggressor. He admitted holding a knife when he was striking the victim and admitted he fired at least one shot while the victim was on the floor with her mother on top of the victim

begging appellant not to shoot her daughter. Since a person is not justified in using force if he was the aggressor, OCGA § 16-3-21 (b) (3), appellant was not entitled to a charge on justification. Thus, the charge on justification was actually a beneficial gratuity to which he was not entitled under the evidence. *Copeland v. State*, 139 Ga. App. 55, 58 (3) (227 SE2d 850) (1976). Accordingly, appellant cannot complain of any alleged error in the charge on justification. Id.

3. Appellant contends error by the trial court in allowing the prosecuting attorney to ask witnesses who had testified as to appellant's good reputation if they had heard he had been arrested or convicted of certain offenses. This contention has been decided adversely to appellant. *Whatley v. State*, 131 Ga. App. 320 (2) (205 SE2d 517) (1974); *Nassar v. State*, 253 Ga. 35, 36 (4) (315 SE2d 903) (1984).

4. Lastly, appellant contends it was error to admit two State exhibits into evidence, as they were replete with errors and were prepared by an untrained, uncertified typist who was not present during appellant's interrogation by police. The exhibits complained of were transcriptions of two statements made by appellant on video tape which were transcribed from an audio cassette. Appellant contends there were inaccuracies in the transcripts and the typist was not certified, thus making the transcripts inadmissible. We do not agree.

We note initially that we are unaware of any requirement that a secretary be "certified," and appellant has not referred us to any such authority. Helen Smith testified she had received training as a stenographer at Coosa Valley Technical School and had worked as a secretary at the Floyd County Police Department for ten years. Smith testified that the audible portions of the tape were transcribed correctly; the portions that were inaudible she described as such in the transcripts.

The transcripts were not introduced into evidence, but were given to jury members while the video tape was played and were taken from them thereafter. Neither the video tape nor the transcripts were taken into the jury room. The admission of a transcript of a tape recording is permissible when a proper foundation has been laid. *Brooks v. State*, 141 Ga. App. 725, 736 (9) (234 SE2d 541) (1977). A proper foundation was laid for use of the transcripts and further, the transcripts were not admitted on the merits, but were only for use by the jurors so they could more easily follow what was said on the video tape. In view of the fact that the transcripts were used for that purpose only, the trial court charged the jury they were for that purpose only, and they were never admitted in evidence on the merits of the case, we find no error. Id. *Causey v. State*, 154 Ga. App. 76, 81 (5) (267 SE2d 475) (1980).

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 27, 1985.

C. Ronald Patton, for appellant.

F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney, for appellee.