69913. ALLEN v. THE STATE.
(332 SE2d 321)

McMURRAY, Presiding Judge.

Defendant was charged by accusation with driving under the influence, "laying drags," illegal parking, driving without a license, and driving while his license was suspended. A jury returned a verdict of guilty as to all charges and defendant was sentenced. However, no sentence was imposed as to the offense of driving without a license as the trial court determined that such charge merged in the offense of driving while license suspended. Defendant appeals contending that the trial court erred in failing to grant his motion for directed verdict of acquittal. *Held*:

The State's evidence is that two deputy sheriffs were serving papers in the town of Mount Airy when they became aware of a traffic violation. The officers heard a car with its engine racing and could hear tires squealing. Smoke was visible coming up from the pavement, but there was so much smoke they couldn't see the vehicle.

The deputies decided to pursue and saw "freshly-laid" black marks on the pavement approximately 75 to 100 feet long. Past the smoke, the deputies found an automobile parked in the right-hand

lane of the street. The automobile was not parked as close as practicable to the right edge of the right shoulder of the roadway.

Defendant was standing near the automobile and upon the approach of the deputies he entered the automobile sitting under the steering wheel. There were three other individuals in the automobile. The deputies proceeded to investigate.

The automobile smelled of burned rubber and the tires were hot to the touch. Defendant, the owner of the automobile, was unable to present a driver's license. A certified copy of the suspension of defendant's license was admitted into evidence.

Defendant's breath smelled of alcohol and he appeared to be under the influence of alcohol to such a degree as to impair his driving ability. A later intoximeter test produced a result of .14 grams percent.

Defendant told the deputies he had been drinking and working on his car all night. Defendant also stated that he had been trying out the car and inquired of the deputies as to how they had caught him.

At trial, defendant presented evidence that he had not been driving. His witnesses testified that one of the other individuals in the automobile had been driving, that after the driver had "laid the drag" defendant had decided to drive, and that the deputies arrived as they were switching drivers.

The issue in the case sub judice is whether a rational trier of fact reasonably could have found defendant guilty of the offenses charged beyond a reasonable doubt. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436). "With reference to the sufficiency of the evidence . . . the testimony of the defendant's witnesses can be disbelieved by the fact finders if the state's evidence is sufficient to authorize the verdict of guilty. The state's evidence was sufficient to support and to authorize the verdict of guilty. See *Ridley v. State*, 236 Ga. 147, 149 (223 SE2d 131). Here it is quite apparent that the jury was willing to believe the sworn testimony of the state's witnesses and disbelieve defendant's evidence." *Timberlake v. State*, 158 Ga. App. 125, 127 (1) (279 SE2d 283). We have carefully reviewed the trial transcript and record and find that a rational trier of fact reasonably could find the defendant guilty beyond a reasonable doubt of the offenses charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Everett v. State*, 253 Ga. 359, 361 (1) (320 SE2d 535); *Quarles v. State*, 173 Ga. App. 519 (1) (326 SE2d 802); *Belcher v. State*, 173 Ga. App. 509, 510 (2) (326 SE2d 857).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

110

DECIDED MAY 22, 1985 —
REHEARING DENIED JUNE 12, 1985 — 

*T. Andrew Dowdy*, for appellant.
*Linton K. Crawford, Solicitor*, for appellee.