## 70563. RICHARDSON v. THE STATE.

(338 SE2d 506)

McMurray, Presiding Judge.

Defendant appeals her conviction of the offense of cruelty to children. *Held*:

1. The State's evidence shows that defendant had been babysitting the seven-month-old victim since he was six weeks old. On the morning of September 2, 1981, the victim was taken by his mother to the defendant's home so that she could babysit him for the day. The victim had no injuries when the mother left him with defendant. That afternoon the mother telephoned defendant and was told that the victim "had fallen off the bed and that he had a bruise on the side of his face . . ." A few minutes later the mother arrived at the defendant's home and was told by defendant "that she had stepped outside for about an hour to talk to some guy, she didn't say who he was and that she had remembered [the victim] was asleep on the bed and that she had to go in and check on him and when she came inside, he was on the floor . . ." When the mother asked defendant to show her where the infant had fallen, defendant indicated the carpeted floor of a bedroom.

Three physicians who subsequently examined the victim testified at trial. The physicians testified as to the victim's multiple injuries in different areas of his body. An orthopedic surgeon testified as to a large contusion over the left buttock area and painful left shoulder and hip. A urologist testified as to blood in the victim's urine indicating a kidney injury. A pediatrician testified that she examined the victim on the morning of September 3, that the appearance of bruises suggested the injuries had been inflicted 24 hours previously. The pediatrician also ordered tests which indicated muscle injury. All of the physicians testified that the injuries were caused by blunt trauma, that they could have been caused by a fist, and that due to the location of the various injuries they could not have been caused by a single fall.

Police were notified of suspected child abuse and investigated. Police obtained defendant's written statement in which she stated that she "asked Happy to sit with the baby for awhile and the baby was asleep when I came back. He told me he had fallen off the bed . . ." Although police made repeated inquiries defendant could not give a last name, address or physical description of "Happy." After repeated inquiries defendant told police she thought "Happy" lived in a trailer park. However, inquiries at the trailer park by the investigating police officer and a social worker failed to locate "Happy."

Defendant indicated to the police that "Happy" was a "friend of a friend of her son's." On three occasions police went to defendant's home and attempted to talk to defendant's son. The police explained

to defendant that they wished to speak to her son to verify the story of "Happy." On each occasion defendant told police that her son had just left and she did not know where he had gone or when he would be back.

"In determining the sufficiency of the circumstantial evidence to support a conviction of cruelty to a child (or to withstand a motion for new trial), the trial court as well as this court will apply a 'reasonable hypothesis rule.' *Murray v. State*, 135 Ga. App. 264 (217 SE2d 293). This is to say that a conviction based solely upon circumstantial evidence must be supported by facts which not only are consistent with guilt of the accused, but should exclude every reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6 (Code Ann. § 38-109). This does not mean that the state must exclude every possible hypothesis showing innocence, but any reasonable hypothesis showing innocence. *Eason v. State*, 217 Ga. 831 (2) (125 SE2d 488). The yardstick by which we determine what in a given case is a reasonable hypothesis, *Townsend v. State*, 127 Ga. App. 797, 799 (195 SE2d 474), is in the first instance a question for the jury. *Smith v. State*, 56 Ga. App. 384 (192 SE 647). Thus, except where the guilty verdict is unsupportable as a matter of law, this court will not substitute its judgment as to what is a reasonable hypothesis for that of the jury or the trial court. *Townsend v. State*, supra." *Robinson v. State*, 168 Ga. App. 569, 570 (1) (309 SE2d 845). We have carefully reviewed the trial transcript and record and find that a rational trier of fact reasonably could find the defendant guilty beyond a reasonable doubt of the offense of cruelty to children. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Allen v. State*, 175 Ga. App 108 (332 SE2d 321).

2. During the cross-examination of one of defendant's character witnesses, the prosecuting attorney inquired as to whether the witness knew defendant had been arrested in Louisiana on numerous misdemeanor charges. The question was answered without objection and further examination of the witness by both the State and defendant ensued. After the witness had left the stand and outside the presence of the jury, the prosecuting attorney stated for the record that the above question was predicated on information received in telephone conversations with Louisiana law enforcement personnel and court officers. Defense counsel objected to "any testimony regarding any arrests that may have occurred of [defendant] in the past without some substantial proof, other than [the prosecuting attorney's] word." Pretermitting any issue as to the timeliness of defendant's objection, we will consider it on the merits.

Defendant apparently argues that questions such as those at issue should only be permitted when supported by admissible evidence. However, we find defendant's position contrary to our holding in

*Whatley v. State*, 131 Ga. App. 320 (2) (205 SE2d 517). See also *Nassar v. State*, 253 Ga. 35, 36 (4) (315 SE2d 903). In addition, we find *Simmons v. State*, 168 Ga. App. 1, 4 (5) (308 SE2d 27), inapplicable, as the questions asked by the prosecuting attorney in the case sub judice were proven to be factual by the defendant's testimony. This enumeration of error is without merit.

3. Defendant's final three enumerations of error are argued together and present the issue of whether the jury was unduly urged to agree on a verdict. The trial of the case was concluded on Thursday, May 27, 1982. Before the jury retired to deliberate the trial court explained that due to the necessity of beginning the trial of another case on the following day, if the jury was unable to reach a verdict that evening it would have to come back on Saturday or the following week. The trial court also instructed the jury in this connection that he did not want to hurry them in any way. The jury retired to deliberate at 6:18 p.m. At 7:25 p.m. court was reconvened and a break given so that the jury could eat. Deliberations resumed at 8:15 p.m. At 10:10 p.m. the trial court brought the jury in to give them an *Allen* (*Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528)) charge. Prior to giving the *Allen* charge the trial court indicated that after giving them an additional charge they would be sent back "for not a long time" and that after they were sent back to the jury room he would consult with the attorneys and court personnel in regard to recessing until some later time. The trial court gave the *Allen* charge and the jury returned to the jury room at 10:20 p.m.

Defendant argues that "the jury just decided that they were going to have to spend the entire night deliberating unless a verdict was reached." However, this is refuted by the trial court's statement that at 10:53 p.m., "the jury was to be brought in and sent home until Saturday, but the jury has asked for a little more time." Shortly thereafter the jury was brought back in, the trial court inquired as to how they stood and answered questions from the jury instructing them that they were not to be concerned with sentencing or appeal. Thereafter, the jury retired to deliberate further at 11:01 p.m. At 11:50 p.m. the jury announced it had reached a verdict.

We find nothing in these circumstances to be tantamount to requiring the jury to reach a verdict or require any juror to surrender his view in order to reach a verdict. See *Hardy v. State*, 242 Ga. 702, 706 (4f) (251 SE2d 289). Furthermore, defendant failed to raise any objection at trial to "keeping the jury in session beyond a normal working day." *Fleming v. State*, 243 Ga. 120, 122 (2) (252 SE2d 609). See *Simpkins v. State*, 149 Ga. App. 763, 769 (4) (256 SE2d 63). These enumerations of error are without merit.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

*James A. Elkins, Jr.*, for appellant.
*William J. Smith, District Attorney, Tasca W. Badcock, Assistant District Attorney*, for appellee.