72792. EUBANKS v. THE STATE.
(349 SE2d 244)

SOGNIER, Judge.

Appellant was convicted of two counts of child molestation and he appeals.

1. Appellant contends the trial court erred by allowing the State to ask witnesses who had testified as to appellant's good reputation if they were aware that appellant had been convicted of child molesta-

tion in 1959. It is not error for the State to ask a character witness on cross-examination if he has heard, or is "aware," that appellant had been convicted of certain crimes. *Whatley v. State*, 131 Ga. App. 320 (2) (205 SE2d 517) (1974); *Nassar v. State*, 253 Ga. 35, 36 (4) (315 SE2d 903) (1984); *Montgomery v. State*, 173 Ga. App. 570, 572 (3) (327 SE2d 770) (1985), particularly where evidence of such prior conviction is offered into evidence either at the time of, or subsequent to, cross-examination of the witness. Since appellant requested no limiting instruction on the purpose for which such evidence was allowed, he cannot raise the issue of the court's failure to give such an instruction for the first time on appeal. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

2. Appellant contends the trial court erred by preventing him from questioning a witness about a conversation she overheard between the victims and a third person. Appellant contends such evidence would have shown that the victims, two seven-year-old girls, had sufficient sexual knowledge to fabricate the charges. This enumeration of error is without merit.

"Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." OCGA § 24-3-1 (a). Hearsay evidence is not admissible to prove the truth of the fact asserted, unless the evidence constitutes a recognized exception to the general rule excluding hearsay. *Moore v. State*, 154 Ga. App. 535, 538 (268 SE2d 706) (1980). In the instant case the testimony appellant sought to elicit was to *prove* that the victims had sufficient sexual knowledge to fabricate the charges. Therefore, it would be hearsay and inadmissible as evidence. *Ratcliff v. State*, 237 Ga. 496 (228 SE2d 879) (1976). Further, both victims testified and were available for cross-examination as to their sexual knowledge, so no possible harm to appellant could have resulted from the court's ruling.

3. Appellant contends the court erred by denying his motion for a directed verdict of acquittal because the evidence was not sufficient to support the verdict. Both victims testified that appellant molested them sexually and there was medical evidence to support the fact that they had been molested. We have examined the entire transcript and find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 18, 1986.

*Melissa M. Nelson*, for appellant.

*Robert E. Wilson*, District Attorney, *Madeline S. Griffin, Elisabeth G. MacNamara, J. Thomas Morgan III*, Assistant District Attorneys, for appellee.