75286. CLARK v. THE STATE.
(366 SE2d 361)

BENHAM, Judge.

After being charged with murder, appellant, accompanied by counsel, pleaded guilty to voluntary manslaughter and received a 20-

year sentence. This appeal followed the trial court's denial of appellant's motion to withdraw his plea.

Appellant pleaded guilty in a manner the constitutionality of which was sanctioned by the Supreme Court of the United States in *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970): appellant entered his plea of guilty while asserting his innocence. He now contends that his plea was not constitutionally acceptable.

1. Citing *Henderson v. Morgan*, 426 U. S. 637 (96 SC 2253, 49 LE2d 108) (1976), appellant contends he should be permitted to withdraw his guilty plea in light of the failure of the trial court to inform him that specific intent is a necessary element of voluntary manslaughter.

"Intent to kill is an essential element of both murder and voluntary manslaughter." *Parks v. State*, 254 Ga. 403 (12) (330 SE2d 686) (1985). It is not necessary, however, that the trial court personally inform the accused of the elements of the crime to which he is pleading guilty. *Ballard v. State*, 150 Ga. App. 704 (3) (258 SE2d 331) (1979). "[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson v. Morgan*, supra, 426 U. S. at 647. It is not appellant's contention that he did not have notice of the crime to which he pleaded guilty, but that the *trial court* did not inform him of the elements of the crime. It was not error to refuse to permit appellant to withdraw his plea based on this ground. See also *Wilson v. Reed*, 246 Ga. 743 (1) (272 SE2d 699) (1980).

2. Appellant next argues that his plea was not voluntarily and freely made and that the trial court failed to make determinations concerning the voluntariness of the plea and the factual basis for the plea. We do not find merit in either of appellant's assertions. The transcript of the plea hearing reflects that the trial court made a determination of the voluntariness of appellant's plea. As the hearing drew to a conclusion, the trial court stated that "it [is] clearly clear to the Court that this plea is freely and voluntarily given by the Defendant with full knowledge of the consequences." While the trial court did not make a determination concerning the factual basis for appellant's plea, and while Rule 33.9 of the Uniform Rules for the Superior Courts urges the trial courts to refrain from entering judgment upon a guilty plea "without making such inquiry on the record as may satisfy him that there is a factual basis for the plea" (compare *Ford v. State*, 248 Ga. 241 (2) (282 SE2d 308) (1981)), "[it is not] necessary that a trial court affirmatively state on the record that it is satisfied that a factual basis for a defendant's guilty plea exists when there is evidence that the trial court is aware of the factual basis." *Harris v.*

*State*, 167 Ga. App. 153 (3) (306 SE2d 79) (1983). The plea hearing transcript contains the district attorney's summary of the evidence the State was prepared to present at appellant's trial. The summary showed that the decedent told a third party on the evening before he disappeared in Florida that he was meeting appellant for dinner; later that evening, appellant was seen using the decedent's credit cards. When the decedent's body was found in Georgia, it had four bullet wounds. Appellant had the murder weapon and several of the victim's personal possessions when he was arrested. Two bullets from the murder weapon and blood stains of a type matching that of the deceased were found in the truck being driven by appellant. Since the transcript contained a factual basis for appellant's plea, it was not necessary for the trial court to affirmatively state that a factual basis existed. There was no error in accepting appellant's plea. *Brannon v. State*, 176 Ga. App. 49 (2) (335 SE2d 163) (1985).

3. Appellant next asserts that his plea was involuntary because it was the result of coercion. At the plea hearing, appellant informed the trial court that he was pleading guilty "to avoid the threat of a multiple state prosecution," a concern because it was unclear whether a crime involving the decedent had been committed in Florida as well as in Georgia. Successive prosecutions by two states for the same conduct were possibilities facing appellant. See *Heath v. Alabama*, 474 U. S. 82 (106 SC 433, 88 LE2d 387) (1985). However, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. [Cits.] That he would not have pleaded except for the opportunity to limit the possible [number of prosecutions] does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice. . . ." *North Carolina v. Alford*, supra, 400 U. S. at 31.

4. After hearing the testimony of appellant at the sentencing hearing, held several months after the entry of appellant's guilty plea, the trial court observed that "[appellant] hasn't said anything that is mitigating. Nor has he said anything that would indicate remorse to me. And I look at the circumstances surrounding this case. They were overwhelming . . . and I have to take that into consideration in imposing sentence." The trial court then sentenced appellant to serve 20 years. Appellant now contends he should have been permitted to withdraw his plea since the trial court should not have accepted the *Alford* plea if it expected appellant to show evidence of remorse.

"In a presentence trial the trier of fact must make a determination as to the sentence to be imposed, taking into consideration all aspects of the crime, the past criminal record or lack thereof, and the defendant's general moral character. [Cits.] Any lawful evidence which tends to show the motive of the defendant, his lack of remorse,

his general moral character, and his predisposition to commit other crimes is admissible in aggravation . . . [S]uch evidence . . . may consist as it did here of the defendant's attitude . . . [and] the trier of fact's personal observation of the defendant. . . ." *Fair v. State*, 245 Ga. 868 (4) (268 SE2d 316) (1980). Since the trial court's imposition of sentence on appellant was not based *solely* on appellant's lack of remorse, we decline to hold that the trial court abused its discretion in refusing to grant appellant's motion to withdraw his guilty plea.

5. Appellant next contends that a violation of the holding in *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), constituted grounds upon which he should have been permitted to withdraw his plea. The purportedly exculpatory material allegedly withheld from appellant was a report that an anonymous person had called police in Virginia and had named a Thomasville, Georgia man as having threatened the life of the decedent. This material came to the attention of the trial court and defense counsel during an in camera portion of a bond hearing held on August 6, 1985, fifteen months before appellant pleaded guilty. Appellant now claims it is exculpatory evidence that the State failed to give appellant in response to his *Brady* motion. However, appellant's counsel admitted at the hearing on the motion to withdraw the plea in April 1987 that he had had a transcript of the in camera hearing prior to the entry of appellant's guilty plea. At the April 1987 hearing, the State presented evidence that portions of the anonymous tip were untrue and that the alleged threatener was out of the county when the decedent was killed.

"[A]ppellant's invocation of the *Brady* rule is inappropriate under the facts of this case. *Brady* applies to 'the discovery, after trial, of information which had been known to the prosecution but unknown to the defense.' [Cit.]" *Baker v. State*, 245 Ga. 657, 661 (266 SE2d 477) (1980). Counsel for appellant was present when the information was initially revealed, and admitted he knew of it at the time appellant tendered his guilty plea. He will not be heard to say that a *Brady* violation occurred.

6. Finally, appellant maintains that the trial court permitted improper cross-examination of his witness at the sentencing hearing, resulting in the consideration of inadmissible evidence. After appellant's character witness had testified that he had a favorable impression of appellant and that appellant was held in high esteem, the district attorney asked the witness whether he had heard that shortly after appellant had resigned from a position with a Georgia city's chamber of commerce, $9,500 had been found to be missing from the chamber's account, and that appellant's father-in-law had paid the shortfall; that appellant had been discharged from a position with another chamber of commerce after "irregularities" were discovered; that he had left Mississippi while owing $12,000 on a note; that

appellant's former wife suspected him of stealing $15,000 of family heirlooms from her; and that appellant had been caught in a jewelry store trying to switch false diamonds for real ones. Appellant objected to the line of questioning, contending it was hearsay and that the State had not given the notice required by OCGA § 17-10-2 before evidence in aggravation may be introduced at a sentencing hearing. Since the State was not introducing evidence in aggravation, but cross-examining the witness to determine the basis of the witness' testimony, OCGA § 17-10-2 was not applicable. His hearsay objection, on the other hand, is meritorious.

"[W]here a witness for defendant testifies [at a pre-sentence hearing] as to defendant's good reputation, the law allows the State, on cross-examination, to test the credibility of the witness by asking him as to whether he has 'heard' that defendant was charged with or committed certain crimes or misdemeanors. [Cits.]" *Whatley v. State*, 131 Ga. App. 320 (2) (205 SE2d 517) (1974). However, on cross-examination of a character witness, the district attorney may not "ask questions as to *unproved crimes or acts of violence which are inflammatory, prejudicial, and suggestive of facts not in evidence*, and such unwarranted cross-examination constitutes reversible error. [Cit.]" *Simmons v. State*, 168 Ga. App. 1 (5) (308 SE2d 27) (1983). Through his cross-examination, the district attorney presented prejudicial material for which he had no evidentiary basis. The State defends his actions by relying on *Richardson v. State*, 177 Ga. App. 48 (2) (338 SE2d 506) (1985). In that case, however, as in *Nassar v. State*, 253 Ga. 35 (4) (315 SE2d 903) (1984), cited therein, the questions asked by the district attorney were proven to be factual by a proffer of arrests and convictions as well as the defendant's testimony. These cases have imprinted the judicial requirement for which this court pleaded in *Whatley*: the cross-examination of a defendant's character witness must be limited to matters that will be supported by admissible evidence. See also *Eubanks v. State*, 180 Ga. App. 355 (1) (349 SE2d 244) (1986). In the case at bar, the district attorney admitted he did not have certified copies of appellant's record or witnesses to testify concerning these acts, and stated that his questions were based upon information he had gleaned from hearsay reports submitted by his office investigator. The district attorney's cross-examination, prejudicial and without an evidentiary basis, was improper. *Simmons v. State*, supra. Inasmuch as the admission over objection of this line of questioning impermissibly allowed the trial court to consider rumor at the sentencing hearing, we must reverse and remand to the trial court for a new trial on the issue of punishment. *Pounds v. State*, 136 Ga. App. 852 (6) (222 SE2d 629) (1975). Compare *Welborn v. State*, 166 Ga. App. 214 (303 SE2d 755) (1983) (where the trial court sustained objections to prejudicial and illegal evidence injected into the sen-

tence hearing).

*Judgment affirmed in part and reversed in part and case remanded on the issue of punishment. Banke, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 10, 1988 —
REHEARING DENIED FEBRUARY 29, 1988 — 

G. Terry Jackson, Michael G. Schiavone, for appellant.
Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, for appellee.